LAMONTE and another vs. PIERCE.

PRACTICE. (1) *Appealable order: Attachment for contempt.* (2) *Affidavit for order on judgment debtor, in supplementary proceedings.*

1. An order of the court refusing to set aside a previous order granting an attachment against defendant as for a contempt in refusing to appear in proceedings supplementary to a judgment, is *appealable* (under subd. 2, sec. 10, ch. 264, Laws of 1860) as "a final order affecting a substantial right made in special proceedings, or upon summary application in an action after judgment."

2. An affidavit for an order requiring a judgment debtor to appear before a court commissioner to make discovery on oath concerning his property, after the title to the cause and venue, states that judgment was rendered in the county court of M. county "in favor of the above named defendant P.," on a day and for an amount named; that the judgment roll in said suit was on the same day filed in the

office of the clerk of said county court, and the said judgment then and there duly docketed in said county; "that an execution against the property of the said P. has been heretofore duly issued to the sheriff of M. county, but returned wholly unsatisfied;" that at the time of issuing said execution the judgment debtor resided and now resides in M. county; and that no part of the aforesaid judgment has ever been paid. *Held*, that the language of the affidavit must have a natural and rational construction, and the words relating to the issue and return of execution must be understood as referring to an execution upon the judgment previously mentioned; and the commissioner was authorized upon this affidavit to make the order sought; and the debtor, not having obeyed such order, was liable to an attachment as for a contempt.

APPEAL from the County Court of *Milwaukee* County.

A court commissioner made an order in this cause, requiring the defendant to appear before him at a specified time and place, to make discovery under oath concerning his property, etc. This order was based on an affidavit, in which the affiant states that he is one of the attorneys for the plaintiffs in said cause; that judgment was rendered in the county court of Milwaukee county in favor of said plaintiffs and against *James D. Pierce*, on the 13th of December, 1872, for $939.67; "that the judgment roll in said suit was on the same day filed in the office of the clerk of said court, and the judgment then and there duly docketed in said county; *that an execution against the property of said James D. Pierce has been heretofore duly issued to the sheriff of Milwaukee county, but returned wholly unsatisfied;* that at the time of issuing said execution, the judgment debtor resided, and still resides, in Milwaukee county; and that no part of the aforesaid judgment has ever been paid."

The following statement of the subsequent proceedings is taken from the opinion of Mr. Justice COLE, as originally prepared: "The defendant refused to appear and submit to an examination, and the court, on application, ordered an attachment to be issued as for a contempt, and that he be held to bail until the hearing of the proceeding on the attachment.

After the defendant was arrested, his counsel, upon an order to show cause, moved the court to set aside its former order whereby the attachment was granted, and took this appeal from the order denying that motion."

*James Hickox*, for appellant.

*Mann & Cotzhausen*, for respondent.

COLE, J. It is objected that the order appealed from is not appealable under the statute. But we think this objection clearly untenable. The order belongs to the second class of appealable orders specified in section 10, ch. 264, Laws of 1860, being a final order affecting a substantial right made in special proceedings, or upon a summary application in an action after judgment. Whether the order for an attachment, which was made in the proceeding supplementary to an execution, is to be deemed an order in a special proceeding, or one made upon a summary application in the action after judgment, the second class is sufficiently broad to embrace it, as also this order refusing to set that aside. It is said that the order appealed from is not *final*, within the meaning of the statute, since it does not adjudge the defendant guilty of a contempt, but merely refuses to set aside an interlocutory order previously made. But it is very obvious that the practical effect of the order is to continue in force the attachment, and that the defendant is liable to be punished for his contempt unless he can purge himself of the charge on the hearing. The fact that further proceedings will necessarily be taken does not render the order which was made any the less final and conclusive upon the question decided.

Upon the merits we think the attachment was properly granted. The defendant had neglected and refused to appear before the commissioner and make discovery concerning his property. For this apparently intentional disobedience of the order of the commissioner, he was liable to be punished as for a contempt. It is argued that the affidavit upon which the

order was made, requiring him to appear before the commissioner, was defective, and conferred no jurisdiction upon that officer. It is said that it fails to show that an execution had ever been issued on the judgment recovered against the defendant in the action, which had been returned unsatisfied. It seems to us that this objection is not sustained by the record. It does appear, with all reasonable clearness and certainty, that an execution had been issued on the judgment and returned unsatisfied. The language of the affidavit must have a natural and rational construction, and must be referred to the action in which the examination was required. The facts stated in the affidavit showed that the commissioner had jurisdiction to make the order requiring the judgment debtor to appear and answer concerning his property ; and no reason is given which justified him in disobeying it. The criticism made upon the language of the affidavit, that it might refer to an execution issued and returned in some other action, seems to us without foundation.

*By the Court.* — The order of the county court is affirmed.