## STATE ex rel. LAMONTE and another vs. PIERCE.

### *Order not appealable.*

An order *held not appealable*, which (1) vacated a previous order, setting aside a still earlier order for an *alias* attachment; (2) gave plaintiff leave to further prosecute a proceeding for contempt; (3) ordered that, in default of defendant's appearing at the next regular motion day to abide such order as the court should then make, his recognizance be forfeited, and leave be granted to prosecute the same; and (4) directed the defendant, prior to such motion day, to answer in writing such interrogatories as should be filed by the relators touching the facts and circumstances in the attachment against him for contempt.

APPEAL from the Circuit Court for *Milwaukee* County.

By order of the county court of said county, *Pierce* was attached as for a contempt in refusing to appear and answer in supplementary proceedings; and subsequently the county court refused to set aside the order granting the attachment; and, on appeal, this court sustained the order of refusal. *Lamonte v. Pierce*, 34 Wis., 483. When the cause was remitted to the county court (where proceedings had in the meantime been stayed), the return day of the writ of attachment was passed. The judge then presiding in the county court having been of counsel in the cause, the venue was by his order changed to the circuit court for the same county (see *Lamonte v. Ward*, *ante*, p. 558); and on the 23d of June, 1874, the relators obtained an *ex parte* order from the circuit court for an *alias* attachment, commanding the sheriff to attach the body of *Pierce*

and have the same before the court on the 26th of that month, "to answer touching the contempt, which (as is alleged) he has committed, as also such other matters as shall then and there be laid to his charge, and further to abide and perform such order as said court may make in this behalf." *Pierce* was arrested, held to bail for the amount indorsed on said *alias* writ, and appeared on the return day, when, upon his motion, and in the absence of opposing counsel, the court made an order setting aside that of June 23d, on the ground that *Pierce* had had no notice of the change of venue. On the 22d of July following, on motion of the relators, and after a hearing of both parties, the court made an order which vacated the order of June 26th, granted the relators leave to further prosecute the proceedings to punish for contempt, and ordered that unless *Pierce* should answer certain interrogatories to be filed, on the next motion day (July 27th), and then and there should appear to abide and perform such order as the court might then make, his recognizance should be forfeited and the relators should have leave to prosecute the same. From this order of July 22d, *Pierce* took an appeal.

*James Hickox*, for appellant. [No brief on file.]

*Cotzhausen, Sylvester & Scheiber, contra*, contended that the order was not appealable, citing Laws of 1860, ch. 264, sec. 10; *State v. Giles*, 10 Wis., 101; *Brinkley v. Brinkley*, 47 N. Y., 40, and authorities there cited; 4 Wait's Pr., 196.

COLE, J. The order appealed from in this case vacated a previous order which had been made, and gave the plaintiffs leave to further prosecute the contempt proceeding. It also ordered that, in default of the defendant's appearing at the next regular motion day to abide by and perform such order as the court might then make, the recognizance be forfeited and leave be granted to prosecute the same. It further ordered that the defendant should, prior to the next regular motion day, answer in writing such interrogatories as should be filed by the.

relators, specifying the facts and circumstances in the attachment against him.

It is now insisted on the part of the relators, that this order, embracing these matters as above stated, is not an appealable order. It seems to us that this objection is insuperable. It does not now occur to us upon what ground the appealability of the order can be sustained. It can hardly be said to come within the classification of appealable orders mentioned in subdivision 2, sec. 10, ch. 264, Laws of 1860, as being " a final order affecting a substantial right, made in special proceedings, or upon a summary application in an action after judgment." *Lamonte v. Pierce*, 34 Wis., 483. It would seem in its nature to be rather an interlocutory than a final order. This is the way the matter now strikes our minds; and as the counsel for the defendant has failed either to argue the cause at the bar, or to furnish briefs, we are inclined to dismiss the appeal on the ground that the order complained of is not appealable.

*By the Court.* — It is so ordered.