## H. T. CLARKE v. NEBRASKA NATIONAL BANK.

FILED DECEMBER 2, 1896.  No. 8590.

**Review:** FINAL JUDGMENT: PROCEEDING IN AID OF EXECUTION: ORDER FOR EXAMINATION OF DEFENDANT. An *ex parte* order, made by a judge or court in a proceeding in aid of execution, based on sections 534 and 538 of the Code of Civil Procedure, requiring a defendant, against whom a judgment has been rendered, to appear at a time and place specified and answer, under oath, all such questions concerning his property as may be propounded to him, is an order affecting a substantial right, made in a special proceeding, made upon a summary application in an action after judgment, and is a final order within the meaning of section 581 of the Code of Civil Procedure.

MOTION by defendant in error to dismiss proceeding in error. *Motion overruled.*

Cases cited by counsel are referred to in the opinions.

*Warren Switzler,* for the motion.

*John L. Webster, contra.*

RAGAN, C.

In the district court of Douglas county the Nebraska National Bank obtained a judgment against Henry T. Clarke and others for $———.  Some time after this an affidavit was filed in that court which recited the obtaining of the judgment; that an execution had been issued thereon and returned wholly unsatisfied; that an alias execution had been issued and was then in the hands of

the sheriff; that the defendants Clarke and others had property which they unjustly refused to apply upon the judgment; that they had no personal or real property subject to levy on execution, and that certain named persons and corporations within Douglas county were indebted to Clarke and others. Thereupon the court made an order requiring the defendant Henry T. Clarke to appear before it at a time and place named and answer under oath all such questions concerning his property as might be propounded to him. Clarke appeared and moved to vacate this order. This motion the court overruled, to which Clarke took an exception, and to reverse this action of the district court has prosecuted here a petition in error.

The defendant in error has filed a motion to dismiss the error proceeding, on the ground that the order made by the district court overruling Clarke's motion to vacate its first order is not appealable. The proceedings of the bank against Clarke are based on sections 534 and 538 of the Code of Civil Procedure.

1. It is obvious that Clarke could not take an exception to, nor prosecute error from, the order made by the court for him to appear and submit to examination, as that order was made *ex parte* and without notice. Clarke, therefore, has pursued the proper practice in filing a motion to vacate the order requiring him to appear for examination, and taking an exception to and prosecuting error from the order of the court overruling his motion to vacate the order for examination. (See *Palen v. Bushnell*, 68 Hun [N. Y.], 554.)

2. Is the order made by the district court overruling Clarke's motion to vacate the order for his appearance and examination an appealable order? Section 581 of the Code of Civil Procedure provides: "An order affecting a substantial right in an action, when such order in effect determines the action and prevents a judgment, and an order affecting a substantial right made in a special proceeding, or upon a summary application in an

action after judgment, is a final order which may be vacated, modified, or reversed, as provided in this title." The order under consideration was made in a special proceeding. The order was made upon a summary application in an action after judgment therein. The remaining inquiry, then, is, did the order affect a substantial right? A substantial right is an essential legal right, not a mere technical one. The object of this proceeding is to compel the defendant, against whom a judgment has been rendered, to make a disclosure of his private affairs, of his business, of his property, credits, and of his business relations and dealings with others. Section 7, article 1, of the constitution of this state provides: "The right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures shall not be violated," etc. And it seems that an order of a court or judge compelling the citizen to disclose his private affairs, to make an exemplification of his credits and effects and papers, and to disclose his secret business relations and dealings with others, is, on the face of it, an order affecting a substantial right. Since the citizen is guarantied the right of security for his papers and effects against unreasonable searches and seizures, he has the right to keep the existence of these papers and effects secret from the world, unless required by due process of law to make disclosures concerning them. But the requirement of the law that he shall make disclosures concerning his papers and effects and his private business affects his substantial rights.

Section 581 of our Code seems to have been taken from the Code of Ohio, but we have not been able to find any case in which the supreme court of that state has passed upon the question under consideration here. The Code of New York is substantially like ours. And in *Francis v. Porter*, 88 Hun [N. Y.], 325, it was held that an order directing a reference to ascertain what books and papers defendant had the power to produce for inspection affects a substantial right and is reviewable.

In *Re Slingerland*, 36 Hun [N. Y.], 575, an order had been issued by an inferior court requiring the appellant to appear and be examined as to certain articles of personal property alleged to be in his possession belonging to an estate in controversy in that court. The order, like the one here, was a mere order to appear and be examined. The party against whom the order was made appealed therefrom to the supreme court, and the point was there made that the order was not appealable. The court said: "That the order for examination affects a substantial right can hardly be doubted. If the appellant shows that it should not have been granted, then the refusal to set it aside affects a substantial right. The motion to set the order aside is not analogous to a motion to dismiss a complaint on the trial. Here an order of the court has been granted. If improperly, it should not stand. To require the appellant to go through with the examination and then appeal would be to deny him any redress. He claims that on the facts shown he should not be examined. * * * It could never be held that, under such an order, the party must submit to the examination and afterwards appeal."

In *Lamonte v. Pierce*, 34 Wis., 483, the defendant was ordered to appear and make disclosure in proceedings supplemental to execution. He refused to appear and the court attached him for contempt. After he was arrested he moved the court to set aside its former order. This was overruled and he took an appeal from the order of the court overruling his motion. The court said: "It is objected that the order appealed from is not appealable under the statute. But we think this objection clearly untenable. The order belongs to the second class of appealable orders specified in section * * * being a final order affecting a substantial right made in special proceedings, or upon a summary application in an action after judgment. * * * It is said that the order appealed from is not final, within the meaning of the statute, since it does not adjudge the defendant guilty of a

contempt, but merely refuses to set aside an interlocu-
tory order previously made.    But it is very obvious that
the practical effect of the order is to continue in force
the attachment, and that the defendant is liable to be
punished for his contempt unless he can purge himself
of the charge on the hearing. · The fact that further pro-
ceedings will necessarily be taken does not render the
order which was made any the less final and conclusive
upon the question decided."

*Martin v. Windsor Hotel Co.*, 70 N. Y., 101, was an action
on account for professional services.    The court made an
order referring the case, upon an affidavit being filed that
the trial involved the examination of an account.    From
this order Martin appealed.    The question was whether
the order of reference was an appealable order.    The
court of appeals decided that it was, saying: "An order
of reference is an order affecting a substantial right, as
the mode of trial of an action, whether by jury or by
referee, is a matter of substance, and such an order is
appealable," etc.    The decision of the court was based
on section 349 of the Code of New York, which provides:
"An order is appealable    *    *    *    when it involves the
merits of the action or some part thereof, or affects a sub-
stantial right."

In *Barber v. Briscoe*, 23 Pac. Rep., 726, the supreme
court of Montana held: "An order refusing to set aside
an order of examination of a judgment debtor in proceed-
ings supplementary to execution is appealable."

A statute of the state of Oregon provides: "When the
governor is informed, or has reason to believe, that any
banking institution holds funds of any kind which have
escheated to the state, he shall direct the proper district
attorney to file a bill of discovery, with proper interroga-
tories to be answered by such bank."    The state of Ore-
gon filed such a bill against the Security Savings & Trust
Company, alleging that the trust company was a corpo-
ration existing under the laws of the state and engaged
in banking business, and had been for some years; that

during the time it had been in business sundry persons had made deposits of money in said bank and died intestate, without heirs, leaving said moneys on deposit in said bank; that these sums of money had escheated to the state of Oregon; that in order to recover such escheated property it was necessary to bring and maintain an action at law; and that in order to enable the state to do so it was necessary for it to learn from the trust company the names of such depositors and the amount of money deposited by each; that the state intended and proposed, as directed by the governor, to commence an action at law to recover the said deposits which had escheated; that the state was unable to bring and maintain this law action without full discovery from the bank. The prayer of the bill was for an order of the court directing the bank and its officers to appear at a certain time and place and answer under oath certain interrogatories set out in the bill, giving the names of such persons as had deposited money in the bank and had died intestate, without heirs, and the amount of such deposits. The trust company interposed a general demurrer to this bill, which was overruled, and thereupon it appealed from the order overruling the said demurrer to the supreme court of the state, and that tribunal, in *State v. Security Savings & Trust Co.*, 43 Pac. Rep. [Ore.], 162, held that the overruling of the demurrer to the bill was a final order determining the rights of the parties. The court said: "On this appeal two questions have been presented for consideration: First, whether the order overruling the defendant's demurrer and requiring it to answer the information and interrogatories as prayed for in the bill is an appealable order. * * * The right of appeal is purely statutory, and, unless the order from which the defendant's appeal is taken is a final order, judgment, or decree within the meaning of the statute, the appeal, of course, cannot be entertained. The law, as we understand it, is that an order or decree is final for the purposes of an appeal when it determines the rights of the parties;

and no further questions can arise before the court rendering it except such as are necessary to be determined in carrying it into effect." The court then cites Freeman, Judgments, sec. 36, and *St. Louis, I. M. & S. R. Co. v. Southern Express Co.*, 108 U. S., 24, and continues thus: "Within this principle we think the present order or decree is final. The suit was brought for the sole and only purpose of obtaining from the defendant an answer under oath to the several interrogatories, and for no other relief. The information is a pure bill of discovery, in aid of a contemplated action at law, asking no relief; and the only litigated question in the case is the right of the informant to the discovery sought. When, therefore, the demurrer was overruled, and the court held that the plaintiff was entitled to the relief demanded, and ordered and directed the defendant to answer the interrogatories, it effectually determined all the issues in the case, and ended the controversy between the parties so far as it could do so, leaving nothing to be done but to enforce its determination as made. No subsequent question could arise in the case except as to the form or sufficiency of the defendant's answers, and therefore, in our opinion, it was a final order or decree within the meaning of the statute, and consequently appealable; otherwise the defendant would be without remedy by an appeal, though it should be admitted that the order complained of was in violation of its clear legal rights. If, as contended by the plaintiff, before it can appeal it must comply with the order of the court, and answer fully the information and interrogatories, an appeal would be a vain and useless proceeding, for the sole object of the suit would have been accomplished and the defendant's appeal could avail it nothing."

The principle upon which the case just cited rests is the principle which controls the question under consideration here. The object of chapter 2 of the Code of Civil Procedure, being sections 532 to 549, both inclusive, of said Code, was to provide a remedy in aid of execution.

Clarke v. Nebraska Nat. Bank.

The object of the proceeding in which the order under consideration was made was to compel the judgment debtor to answer under oath as to his property and effects,—to make a disclosure for the benefit of the judgment creditor, in order that the latter might use that information to institute a creditor's bill or garnishee process. In other words, the design of the statute was that this provisional remedy, this proceeding in aid of execution, should take the place of the old bill of discovery. It must be borne in mind that we are not discussing the validity of this chapter 2 of the Code of Civil Procedure, nor must anything said here be taken as an intimation of an opinion upon our part that the courts, by virtue of the provisions of this statute, may not compel a judgment debtor to make full and complete disclosures of all his property and effects. But what we do decide is that a legal order which requires a debtor to make such a disclosure affects a substantial right of such debtor. The question is not whether the citizen may be lawfully compelled to make a disclosure of his private affairs and of his property and effects, but does an order compelling him to do this affect his substantial legal rights? If it does, the order is appealable. Neither the answer the party summoned in a special proceeding after judgment may make, nor what order the judge or court summoning him may make, can be taken into consideration in determining the legal question whether the order for him to appear and be examined is appealable. The order made by the district court in this case was an order affecting a substantial right, and, therefore, an appealable order, and the motion to dismiss the proceeding in error is overruled.

MOTION OVERRULED.

RYAN, C., dissenting.

I cannot concur in the opinion herein filed, and the grounds of my dissent are as follows: The Nebraska National Bank obtained a judgment against Henry T.

Clarke in the district court of Douglas county. After the return of one execution *nulla bona*, and while an *alias* execution was in the hands of the sheriff, an order was made by said court directing that Henry T. Clarke and certain of his debtors appear before the court at a date specified and submit to an examination with reference to his property subject to execution which it was alleged by affidavit the said Clarke was unjustly refusing to apply to the satisfaction of such judgment. Thereupon Henry T. Clarke filed his motion to set aside said order on the following grounds: "First, the affidavit upon which the order was made was insufficient in law to justify the court in making the order; second, the said affidavit was insufficient in manner and form to confer jurisdiction upon the court to make such order." This motion was overruled, and upon application the penal sum and conditions of a supersedeas bond were fixed by the district court. This bond was given and approved and this case was docketed in this court as a proceeding in error upon a petition in error which presented for review the same grounds as the motion above recited. Afterward, on due notice, there was presented by the defendant in error a motion to dismiss the proceedings in this court for the reason that the order sought to be reviewed was not final in its nature. Section 581 of the Code of Civil Procedure is in this language: "An order affecting a substantial right in an action, when such order in effect determines the action and prevents a judgment, and an order affecting a substantial right made in a special proceeding or upon a summary application in an action after judgment, is a final order which may be vacated, modified, or reversed, as provided in this title." Plaintiff in error insists that the order whereby the district court refused to set aside the order for the examination of Henry T. Clarke was an order affecting a substantial right under the conditions provided in the above quoted section and that, therefore, the present motion should be overruled. This motion must, therefore,

be decided by determining whether or not the order sought to be reviewed was one affecting a substantial right.  To aid us in reaching a conclusion on this point there have been submitted several adjudicated cases which I shall now consider.

The first case cited is *Barber v. Briscoe*, 9 Mont., 341, in which the third paragraph of the syllabus is in this language: "An order denying a motion to set aside an order for an examination of a judgment debtor upon proceedings supplementary to execution is an appealable order." An examination of the facts, however, in this case discloses that when the order was made there was not in existence a judgment and that the motion was based on this fact as showing that the district court had no jurisdiction to enter the order complained of.  There was no discussion of the question as to whether or not there had been an order affecting a substantial right.  The case of *National Bank of Westminster v. Burns*, 13 S. E. Rep. [N. Car.], 871, cited by the plaintiff in error, did not involve the determination of what is implied by the words "affecting a substantial right," hence it does not aid us in this investigation.  In *Robens v. Sweet*, 48 Hun [N. Y.], 436, it had been shown that the judgment sought to be enforced by proceedings supplemental to execution had been discharged before such proceedings had been instituted, but the county court had permitted this discharge to be impeached as fraudulent.  This the supreme court held could not properly be done, and that, therefore, the order denying the motion to dismiss the supplementary proceedings should have been sustained.  In this view it was accordingly held that the order complained of was appealable, as it affected a substantial right.  In *Palen v. Bushnell*, 68 Hun [N. Y.], 554, it was merely held that an appeal would not lie from an order for the examination of a judgment defendant made by a judge, but it was said that an appeal would lie from a ruling denying a motion to set aside such an order.  What is properly implied by the words "affecting a substantial right" was

not involved or discussed. In *Francis v. Porter*, 88 Hun [N. Y.], 325, the order appealed from was one directing a reference to take proofs of what books and papers the defendant had power to produce for inspection and authorizing his cross-examination by plaintiff, and it was held that as the application for a discovery had been overruled there was no power to order a reference. In *Lamonte v. Pierce*, 34 Wis., 483, the refusal of the court to set aside a previous order granting an attachment against defendant as for contempt for refusing to appear in proceedings supplemental to a judgment, was held appealable. There could be no question that this affected a substantial right, but the mere fact that this contempt was with reference to the supplemental proceedings, in no way aids us in our present inquiry. These are all the cases cited by the plaintiff in error. We also refer to language of REESE, J., in *Hollingsworth v. Fitzgerald*, 16 Neb., 496.

By the defendant in error in support of its motion to dismiss there were cited *Bruce v. Crabtree*, 21 S. E. Rep. [N. Car.], 194, *Milliken v. Thompson*, 54 Jones & S. [N. Y.], 393, and *Joyce v. Holbrook*, 2 Hil. [N. Y.], 94. In the first of these three cited cases the supreme court of North Carolina held that an appeal would not lie from an order of the nature of that sought to be reviewed in this case; in the second the same ruling was made, and in the third it was held that from an order refusing to permit the examination of a judgment defendant an appeal could not be taken. In no case which has been brought to my notice, or that I have been able to find, has it been held that a mere order requiring a judgment defendant to submit to an examination touching the condition of his property was an order affecting a substantial right. It is argued that if Mr. Clarke is compelled to show the condition of his property the harm will have been accomplished and an appeal thereafter will afford him no protection. We have not been informed what matter of importance it is necessary should be withheld from pub-

licity, and until it is so shown, the probable sacrifice of a substantial right must rest wholly upon conjecture. In my opinion the motion to dismiss should therefore be sustained.

NORVAL, J.

I concur in the opinion of RYAN, C.