MARILLA E. DOANE ET AL. V. SMITH BROTHERS LOAN & TRUST COMPANY ET AL.

FILED APRIL 21, 1897. No. 7234.

1. **Review: CONFLICTING EVIDENCE.** A verdict on consideration of fairly conflicting evidence will not, in this court, be disturbed as lacking support in the proofs.

2. **Immaterial Special Findings: REVIEW.** Where a question for a special finding, which, answered either way, must be immaterial to issues in view of the evidence, was submitted to a jury, and such question was not answered, there was no prejudicial error in rendering judgment on the general verdict without previously requiring a finding on the question indicated.

ERROR from the district court of Saline county. Tried below before HASTINGS, J. *Affirmed.*

*E. W. Metcalfe,* for plaintiffs in error.

*H. D. Travis* and *J. H. Grimm, contra.*

RYAN, C.

In the district court of Saline county the Smith Bros. Loan & Trust Company obtained a decree of foreclosure, under which there was sold a certain quarter section of land in said county. By the sale the amount found due by this decree was paid, and there was left in the hands of the clerk of said court a balance of $664.97. By her application, in the nature of a motion, Rebekah Coggswell, as administratrix of the estate of her deceased husband, James W. Coggswell, asked that this surplus be paid to her. She based this right upon a note and mortgage executed by Marilla E. Doane and J. C. Doane to her intestate. The Doanes are the owners of the mortgaged premises above referred to and claim the money in the hands of the clerk by reason of that fact. They averred in their answer that they had purchased the mortgaged premises from James W. Coggswell, but alleged that they

had fully paid and accounted to. him for the purchase price, and that said note and mortgage formed no part of the consideration for said purchase, but that said consideration had by them been fully paid. In respect to the note and mortgage made to James W. Coggswell, the Doanes further answered that said note and mortgage were given to James W. Coggswell, under and by reason of an arrangement with him that neither the same, nor any part thereof, should ever be paid by them; and the express agreement of Coggswell that he, in a few days, would release the same; and that he was prevented from making this release only by his sickness and death, which occurred shortly after the making of his said agreement. It was also alleged by the Doanes that their note and mortgage were made to Coggswell solely to enable him to effect certain purposes of his own. To this answer there was a reply denying each fact pleaded. The district court was liberal in allowing the defenses to be presented to the jury, and there was accordingly determined upon conflicting evidence the above described issues, and for this reason we cannot disturb the verdict.

It is urged that the jury were not governed by the instructions of the court as to matters of law, but we find no evidence of this misconduct of the jury in the record.

It is urged that the jury failed to answer a special interrogatory, which was in this language: "How much money did Coggswell receive on the mortgage on the farm?" To this the answer was: "Unable to determine." This question referred to a mortgage in existence before that to James W. Coggswell was executed. Under the issues presented in this case which are now sought to be reviewed this question presented an immaterial inquiry, and, therefore, there was no error in receiving the general verdict without insisting upon an answer to this special interrogatory. The facts bring this case within the rule laid down in *Town v. Missouri P. R. Co.*, 50 Neb., 768, which rule was stated in the syllabus in this language: "Where questions for special findings are sub-

mitted to a jury, the answers to which would be immaterial to the issues as prescribed by the pleadings and evidence, and in view of the other findings of the jury, and the jury fails to answer one or more of such questions, it is not prejudicial error for the court to render a judgment over the objection of a party on the general verdict returned."

It is finally urged that there has been no final judgment. We are rather surprised that this is urged by plaintiffs in error, for if their position is well taken they would have no standing in any court to review the alleged errors in the district court. This order was made upon a motion, and we think it was a final order. (*Clarke v. Nebraska Nat. Bank*, 49 Neb., 800.)

No error has been found in the record and the judgment of the district court is

AFFIRMED.