LEE HICKOX v. ROBERT E. McKINLEY et al., Appellants.

Division One, December 22, 1925.

1. **JURY TRIAL:** Constitutional Right. If a right to a jury to determine an issue of fact existed at common law before the adoption of the Constitution of 1820, the right was preserved and continued by Section 28 of Article II of the Constitution, declaring that

"the right of trial by jury, as heretofore enjoyed, shall remain in-violate."

2. ———: Scire Facias: To Revive Judgment. The several defenses or pleas of payment, release, discharge and satisfaction of the original judgment available to the defendant in a *scire facias* proceeding to revive a monetary judgment in a civil case, necessarily raise issues of fact, which at common law were triable by a jury; and as our statute adopted the common-law usage long before the present Constitution was adopted, if a defendant, in answer to a *scire facias* writ, pleads payment or satisfaction of the judgment and demands a jury to determine that issue, a jury cannot be denied him.

3. ———: ———: Ancillary Execution. A *scire facias* to revive a monetary judgment is ancillary to and a continuation of the original action, and a mere step in the enforcement of the original judgment; but nevertheless, if issues of fact arising in the *scire facias* proceeding were triable by a jury at common law before the adoption of the Constitution of 1820—such issues of fact as are raised by pleas of prior payment, satisfaction or release of the judgment—they are triable by a jury under the present Constitution, and a right to a jury to determine such issues, upon demand therefor, cannot be denied.

Corpus Juris-Cyc. References: Judgments, 34 C. J., Section 1048, n. 680, n. 85, 86. Juries, 35 C. J., Section 14, p. 148, n. 9; p. 149, n. 11; Section 66, p. 179, n. 86; p. 108, n. 87.

Appeal from St. Louis City Circuit Court.—*Hon. Moses Hartmann,* Judge.

REVERSED AND REMANDED.

*Arthur E. Simpson* for appellants.

(1) Appellants were entitled to a jury trial under the Constitution. Sec. 28, art. 2, Mo. Constitution; Kansas City v. Smith, 238 Mo. 335; Simpson v. Watson, 15 Mo. App. 429; Wolff v. Schaeffer, 74 Mo. 154, 4 Mo. App. 367; 24 R. C. L. 682; Brown v. Chaney, 181 U. S. 68, 45 L. Ed. 752; Beattie Mfg. Co. v. Gerardi, 214 S. W. 191; 23 Cyc. 1458. (2) The statutes entitle appellants to a jury trial. R. S. secs. 1382, 1398, 1560. (3) The

judgment sought to be revived was one in which plaintiff was entitled only to a special execution. State to use Ross v. Cave, 49 Mo. 129; Lord v. Johnson, 102 Mo. 680.

*S. T. G. Smith* and *Gustave A. Stamm* for respondent.

(1) A proceeding by *scire facias* to revive a judgment is ancillary to and merely a continuation of the original action, and is in effect but the application of the judgment creditor for execution; the writ itself, and not the application therefor, is the foundation of the proceeding and the only available defenses are *nul tiel record* or payment. Hickox v. McKinley, 236 S. W. 1068; Bick v. Vaughn, 140 Mo. App. 595; Reyburn v. Handlan, 165 Mo. App. 412; Glidden-Felt Mfg. Co. v. Robinson, 163 Mo. App. 488; Simpson v. Watson, 15 Mo. App. 425; Beattie Mfg. Co. v. Gerardi, 214 S. W. 191; Peak v. Peak, 181 S. W. 395; Bick v. Tanzey, 191 Mo. 515; Armstrong v. Crooks, 83 Mo. App. 148; Bick v. Vaughn, 140 Mo. App. 600. (2) A proceeding by *scire facias* to revive a judgment is not a civil action for the recovery of money, and Section 28, Article II, of the Missouri Constitution, regarding the right of trial by jury, has no application. State v. Hoeffner, 124 Mo. 488; Sutton v. Cole, 155 Mo. 206; State ex rel. v. Cook, 201 S. W. 364. (3) The determinations of the trial court, sitting as a jury, on questions of fact cannot be reviewed on appeal, it being the province of the trial court to weigh the evidence and determine the real facts, which duty the Supreme Court cannot usurp. Slicer v. Owens, 241 Mo. 319; Minor v. Burton, 228 Mo. 558; Lee v. Conran, 213 Mo. 404; R. S. 1919, sec. 1398.

SEDDON, C.—Appeal from a judgment of the Circuit Court of the City of St. Louis, rendered December 11, 1922, reviving a judgment against appellants rendered in said court on April 12, 1915. Application by respondent for a writ of *scire facias* to revive said orig-

inal judgment was filed on March 29, 1918.  A writ of
*scire facias* was issued on April 1, 1918, directed to ap-
pellants Robert E. McKinley and Samuel J. McKinley
and one Julius H. Brinkmeyer, a defendant in the orig-
inal action, returnable to the June, 1918, term of said cir-
cuit court.   On October 25, 1918, respondent filed an
amended application, making the appellant Charles F.
McKinley a party, and on October 28, 1918 a writ of
*scire facias* was issued to said Charles F. McKinley, re-
turnable to the December, 1918, term of said court.

The original judgment of April 12, 1915, was ren-
dered in an action brought by respondent herein, Lee
Hickox, as plaintiff, against appellants herein, Robert
E. McKinley, Samuel J. McKinley and Charles F. Mc-
Kinley, and said Julius H. Brinkmeyer, as defendants,
upon a promissory note executed by said defendants and
delivered to the respondent herein, Lee Hickox.   Said
original judgment recites "that the defendants are in-
debted to the plaintiff on account of the instrument of
writing upon which this action is founded, and which is
secured by a pledge, as collateral, of certificates of 1230¾
shares of the capital stock of the Borden Varnish Com-
pany, hereinafter mentioned, in the sum of $3600, to-
gether with interest thereon at the rate of seven per
cent per annum from March 29, 1914, until this date, said
interest amounting to the sum of $262.50, together with
the sum of $200 attorney's fees for collection of said note,
making the aggregate indebtedness at this time the sum
of $4062.50; and the court doth further find that said
indebtedness, together with interest thereon, is secured
by a pledge of 1230¾ shares of the capital stock of the
Borden Varnish Company, a Missouri corporation, each
of said shares having a par value of $10, the said cer-
tificates of stock having been delivered by defendants to
the plaintiff at the time of the execution and delivery
of the note sued on; and the court doth further find that
the said indebtedness, together with interest thereon
and costs of this suit, are and constitute a valid and sub-
sisting lien upon the said certificates of stock:

"It is therefore considered, adjudged and decreed that the defendants be foreclosed of all interest, right and equity of redemption in the certificates of stock aforesaid, and that the plaintiff have and recover of said defendants the sum of $4062.50, together with interest thereon from this date at the rate of seven per cent per annum and the costs of this proceeding, to be levied of the shares of stock hereinbefore described.

"It is further ordered and adjudged that if said shares of stock be not sufficient to satisfy said indebtedness, together with interest and costs, then that the remainder thereof shall be levied of the other goods, chattels, lands and tenements of said defendants.

"It is further ordered by the court that an execution issue according to law out of the clerk's office, directed to the Sheriff of the City of St. Louis, commanding him to sell at the east front door of the court house in the city of St. Louis, according to law, the said shares of stock above described for the purpose of paying the indebtedness and costs aforesaid, directing him to levy out of the other goods, chattels, lands and tenements of said defendants, any residue of said debt that may remain unpaid after the application thereto of the proceeds derived from the sale of the personal property above mentioned."

The appellants herein, in due time, filed their respective answers or returns to the writs of *scire facias* issued to revive the original judgment, alleging as a defense thereto "that said judgment has been wholly discharged, extinguished and paid, in that in said judgment it was decreed and adjudged that the indebtedness on account of which said judgment was rendered was secured by a pledge of 1238¾ shares of the capital stock of the Borden Varnish Company, a Missouri corporation, each share having a par value of $10, the certificates of stock having been delivered by the defendants to the plaintiff at the time of the execution of the note, on account of which this suit was brought, and that said indebtedness, together with the interest thereon and the

costs of this suit, were and constituted a valid and sub-
sisting lien upon said certificates of stock, and that de-
fendants were, by said judgment, foreclosed of all in-
terest, right and equity of redemption in the certificates
of stock aforesaid, and that said judgment be levied out of
said shares of stock; that, disregarding said judgment, the
plaintiff failed to levy the said judgment out of said
shares of stock, although said shares of stock were, at the
time, worth far more than the amount of such judgment,
with interest and costs, and that the said plaintiff retained
and converted said stock to his own use as a discharge
and extinguishment and payment of said judgment.''

The respondent thereupon demurred to the answers
of appellants on the ground that the facts set up therein
are not sufficient to constitute a defense to said writs of
*scire facias* and that said facts do not constitute a dis-
charge or satisfaction of said original judgment. The
circuit court sustained the demurrers to the answers and,
the defendants declining to plead further, the original
judgment was revived on March 20, 1919, and the de-
fendants prosecuted an appeal to the St. Louis Court of
Appeals. Thereafter, on January 8, 1920, Julius Brink-
meyer paid $1500 on said judgment and plaintiff acknowl-
edged satisfaction of said judgment as to said defendant
only. On December 6, 1921, the St. Louis Court of Ap-
peals filed an opinion, reversing the judgment of revival
*nisi* and remanding the cause for a retrial. The St. Louis
Court of Appeals held that the defendants' answers,
alleging that the original judgment had been discharged,
extinguished and paid by reason of plaintiff's failure
to obey the command of the judgment and foreclose the
pledged shares of stock, pleaded a legal defense to the
writs of *scire facias*. In its opinion (Hickox v. McKin-
ley, 236 S. W. 1068, 1070), that court said:

"It is then alleged that plaintiff failed to levy on
said shares as directed by said judgment, although at the
time they were worth more than the amount of said judg-
ment; and, further, that plaintiff retained and converted
said stock to his own use as a payment and discharge of

the judgment. Should these facts be established by competent evidence, we think they are sufficient to constitute a satisfaction of the judgment. A judgment may be satisfied otherwise than by the payment of money, and if plaintiff had such a special judgment as is alleged by defendants and was obliged to first attempt to satisfy same out of the shares of stock on which it was a lien, and chose not to do so, but to take the stock as a satisfaction, we see no reason why such should not be held to be a payment and release of the judgment. Of course, if it appeared that at the time the shares were worthless and that a levy thereon would be a useless and idle ceremony, then it may well be said that plaintiff was not required to levy on the shares. But here defendants allege that the shares at the time were worth more than the amount of the judgment.''

After the remanding of the cause to the circuit court, the respondent filed a reply to the answers of appellants, alleging that the shares of stock of the Borden Varnish Company, referred to in said answers, were, at the time of the original judgment, and at all times since the date of said judgment, absolutely worthless and of no value and that a levy thereon would have been useless and of no avail. At the beginning of the trial of this issue raised by the pleadings, and before the introduction of any evidence thereon, the appellants demanded a trial of the issue by a jury and objected to a trial by the court without a jury. The trial court denied appellants' demand for a jury trial and overruled their objections to a trial of the issue by the court without a jury, exceptions to which rulings were duly saved by appellants.

Respondent thereupon offered evidence tending to show that the shares of stock of the Borden Varnish Company were valueless and worthless at the date of the original judgment and at all times subsequent thereto. Appellants, on the other hand, offered evidence tending to show that the shares of stock had, at said times, some substantial value. Appellants, at the close of the trial, requested the trial court to state in writing the conclu-

sions of fact found separately from the conclusions of law. In the written conclusions of fact, the trial court found that no execution was issued upon the original judgment and that respondent did not levy upon said shares of stock of the Borden Varnish Company, as directed by the original judgment, but that said shares of stock were worthless at the time of the rendition of the original judgment on April 12, 1915, and continuously from that date. The court's conclusion of law was to the effect that, having found as a matter of fact that said shares of stock were, at said times, worthless and without value, there is no amount which appellants can have credited on said judgment. Judgment of revival was thereupon entered by the trial court on December 11, 1922. In due time, appellants filed their motion for a new trial, charging, among other grounds, that the trial court erred in overruling and refusing the request of appellants for a trial by jury, as guaranteed by Section 28 of Article II of the Constitution of Missouri. The motion for a new trial being denied, appellants were allowed an appeal to this court by reason of the constitutional question thus raised and preserved in the trial court.

Appellants insist that the issue joined by the writs of *scire facias,* the answers thereto, and the reply, is an issue of fact, and that such issue of fact is triable by a jury, provided a jury trial has been demanded, as in the case at bar. Appellants further contend that Section 28 of Article II of the Missouri Constitution of 1875 accords and guarantees to them this right. The section of the Constitution invoked by appellants provides: ''The right of trial by jury, as heretofore enjoyed, shall remain inviolate.''

This section of our State Constitution has recently been construed by this court, in Banc, in Bates v. Comstock Realty Company, 306 Mo. 328, wherein it is said: ''If it (the right to a jury trial) existed it was by virtue of the Constitution in force at that time, which, whether that of 1820 or that of 1865, merely guaranteed the continuance of the *common-law* right of trial by jury. And

such is the right which the Constitution of 1875 preserves, but does not extend. [State v. Hamey, 168 Mo. 167; State ex rel. v. Withrow, 133 Mo. 500.] 'This court has uniformly held that the provisions of the Constitutions of 1820 and 1865 that the right of trial by jury shall remain inviolate, and the provision of the Constitution of 1875 that the right of trial by jury as heretofore enjoyed shall remain inviolate, mean the right of trial by jury as it existed at common law.' [Eckrich v. St. Louis Transit Co., 176 Mo. 648.]''

In Kansas City v. Smith, 238 Mo. l. c. 335, Division Two of this court, after reviewing the authorities bearing on the subject, said: ''The foregoing decisions clearly show that parties to legal proceedings cannot be deprived, without their consent, of a trial by jury, composed as at common law, of any issue of fact for the trial of which it was necessary to call a jury when the first Constitution of this State was adopted. At that time, a jury of twelve men, unless waived by the parties, was necessary for the trial of all issues of fact arising in legal actions or proceedings.''

It remains, therefore, for us to determine whether the issue of extinguishment, discharge or payment of the original judgment in a *scire facias* proceeding was triable by jury at common law when the first Constitution of this State was adopted in 1820. In approaching a discussion of this question, it may be well for us to state briefly the origin and history of the writ of *scire facias*. The writ, as regards personal actions, was not known to the early common law, but had its origin in the Statute of Westminster the Second, 13 Edward I, Chapter 45, the purpose of which statute was to remedy the inconvenience and burden of collecting a judgment, when the time within which execution might have been issued (a year and a day) had passed. Under the early common law, in such a case, it was necessary to sue on the judgment in a new action and obtain a new judgment, as the old one had lost its vitality by the lapse of time. [24 R. C. L. 666; Foster's Writ of Scire

Facias, 73 Law Lib. 42-43; Kelly on Scire Facias. p. 12.]
In order to remedy this situation, the Statute of West-
minster the Second was enacted, which, by its terms,
gave a *scire facias* to the plaintiff in a personal action
to revive the original judgment when he had omitted
to sue out execution within the year and a day after
judgment was obtained, or revived.   In 24 Ruling
Case Law, 666, it is said: ''The adoption of the common
law of England by the several states of this country is
generally considered to have included the right to pur-
sue the remedy by *scire facias,* since the English
statutes relating thereto were in force prior to the
Revolution.''

At common law, the defendant had the right to
demur or plead to the writ of *scire facias*.  ''The de-
fendant may plead either in bar or in abatement.  The
usual pleas are *nul tiel* record, payment, release and
accord and satisfaction.''  [24 R. C. L. 680.]  Foster
on Writ of Scire Facias, 73 Law Lib. 305, says: ''A
man may plead in bar or in abatement to a *scire facias*
as well as to other actions.  Thus to a *scire facias* on
a judgment, the defendant may plead *nul tiel* record,
or payment since the Statute 4 Anne, c. 16, s. 12, or a
release, or that the debt and damages were levied on
a *fi. fa.,* or that his lands were extended for them upon
an elegit, or his person taken in execution on a *capias
ad satisfaciendum*.   .  .  .   A defendant may plead
to a *scire facias,* anything which has been done under
the original judgment which exonerates him from
liability.  .  .  .   The rule of law is well settled that
you cannot plead to a *scire facias* any matter which
might have been set up as a defence to the original
action, otherwise there would be no end of the proceed-
ings.''

The several defenses or pleas of payment, release,
discharge and satisfaction of the original judgment
available to the defendant in a *scire facias* proceeding,
necessarily raise issues of fact.  Early text-writers are
agreed that such issues of fact were triable by jury at

common law before the adoption of the first Constitution of this State in 1820. Kelly on Scire Facias, page 199, states the practice in this language: "When the defendant pleads and an issue is knit, the case proceeds as in ordinary actions. The jury find the affirmative or negative of the issue."

Foster on Writ of Scire Facias, 73 Law Lib. 309, says: "By the 8 and 9 Will. III, c. 11, s. 3, if the plaintiff be nonsuit or discontinue, *or if a verdict pass against him* the defendant shall be entitled to costs." (Italics ours).

The modern text-writers on the subject seem to be agreed on the practice. In 24 Ruling Case Law, 682, it is said: "On principle, the issues presented in a proceeding by *scire facias* must be triable in the same manner as like issues presented in other proceedings at law, and that the parties are entitled to the trial of issues of fact before a jury, if either so demands, is generally conceded."

The same conclusion is stated, and authorities cited in support thereof, in a foot-note elaborately discussing the writ of *scire facias* in 122 Am. State Rep. 108. See also 23 Cyc. 1458, whereat it is said: "But the plea of payment (in *scire facias*) raises a question of fact which must be submitted to the jury, whose verdict, however, may be set aside in a proper case."

The applicability of the usage and practice under the common law to our statutory remedy of *scire facias* is discussed by this court, in Banc, in Goddard to use v. Delaney, 181 Mo. 564, 1. c. 573, 575, whereat it is said: "Our statute giving the remedy by *scire facias* to revive a judgment and continue the lien thereof and prescribing the procedure in such case, is not a part of our code of civil procedure, but is an adoption of a common-law writ, with its usage and the procedure at common law thereunder, except as altered by the statute itself and except as the provisions of the practice act necessarily bear upon the subject. The use of this writ for this purpose, and the procedure thereunder, were adopted, as is pointed out in the brief of the learned counsel for

plaintiff in error, in the very beginning of our existence as a state, long before the adoption of our code of civil procedure, and have come down to us from that early date with only slight changes. . . . Our statutes on this subject, as we have seen, have come down to us from the earliest days of the State's history, antedating our practice act, and they show that when our lawmakers were dealing with this subject they took the writ of *scire facias* in its technical sense as we inherited it from England, and so we must apply it, changing its effect only in the particulars in which our statutes have changed it."

In Wolff v. Schaeffer, 4 Mo. App. l. c. 371, it is said: "The proceeding by *scire facias* was a well-known common-law action, in which the course of proceedings, after the delivery of the declaration to issue, trial, and judgment, was substantially the same as in any other action. . . . When this writ was issued by a chancellor, if, in proceeding with the trial, any question of fact arose, the practice was to deliver the case into the Court of King's Bench, to be proceeded with before a jury. Whilst we have no special statute regulating the practice in cases of *scire facias,* the proceeding is frequently referred to in the General Statutes, and we know of nothing in our laws, in the decisions of our Supreme Court, in the usual course of practice in the State, or in the nature and reason of the case, which leads us to suppose that a proceeding to recover money by *scire facias* should not be governed by the same rule, as to the right of a jury to try any issue of fact, which applies to any other action at law."

Likewise, it is said in Simpson v. Watson, 15 Mo. App. at pages 429, 430: "Before the adoption of the code of procedure in this State, the right of trial by jury was guarded by the constitutional provision (Const. 1845, Art. XIII, sec. 8), that the right of trial by jury shall remain inviolate. . . . The Constitution of 1875 provides that 'the right of trial by jury, as heretofore enjoyed, shall remain inviolate.' There can be no doubt

under these provisions that all issues of fact in an action
at law are triable by jury according to the practice of the
common law. . . . It is true, that in some respects,
a *scire facias sur* judgment is a mere continuation of the
cause; yet in others it is a new suit. The defendant can-
not plead matters that relate back to a time before the
judgment. . . . In this aspect, the *scire facias* may
be said to be a continuation of the same cause; but the
defendant can plead matters subsequent to the rendition
of the judgment which plaintiff seeks to revive, and in
this aspect it is a new suit, and is to be governed by the
rules applicable to other original suits. [Duncan v.
Hargrove, 22 Ala. 150.] The proceeding has always been
regarded by the common-law writers as an action (Win-
ter v. Kreschmann, 2 T. R. 45; 3 Tom. Law Dist., *ad
verbum*); and the parties, as in other actions at law, are
entitled to a jury, as we held in Wolff v. Schaeffer, su-
pra.''

Respondent contends that it has been uniformly
ruled by the appellate courts of this State that a proceed-
ing by *scire facias* to revive a judgment is ancillary to,
and merely a continuation of, the original suit or action
and is, in effect, but the application of the judgment cred-
itor for execution upon the judgment in the original ac-
tion. Thence, he argues that there is no constitutional
or statutory right of trial by jury in this State in a
*scire facias* proceeding to revive a judgment rendered
in a civil action. While there is some contrariety of opin-
ion in foreign jurisdictions as to whether, technically
speaking, a proceeding by *scire facias* to revive a judg-
ment is to be regarded as a new suit or action, or whether
it is to be regarded as but a mode of obtaining execu-
tion in an action that has already terminated in judgment,
and, therefore, it is merely a continuation of the original
action and a step in the enforcement of the original judg-
ment, nevertheless we think it has been well settled in
this jurisdiction that it is not a new and distinct action
but is only a continuation of the original action. [Beat-
tie Mfg. Co. v. Gerardi, 214 S. W. 189; Hickox v. McKin-

ley, 236 S. W. 1068, and cases there cited.] But, even though it be deemed merely a continuation of the original action, nevertheless, if issues of fact arising in a *scire facias* proceeding were triable by jury at common law before the adoption of our first State Constitution, that right is preserved by Section 28, Article II of the existing Constitution of this State.

Respondent claims that Wolff v. Schaeffer, 4 Mo. App. 367, and Simpson v. Watson, 15 Mo. App. 425, herein cited, have been expressly overruled by this court in Sutton v. Cole, 155 Mo. 206, and cites the latter case, together with State v. Hoeffner, 124 Mo. 488, and State ex rel. v. Cook. 207 S. W. (Mo. App.) 361, as authority for his contention that the issue of payment, extinguishment or discharge of the original judgment raised by the answers and reply herein is not triable by a jury.

This court held in Sutton v. Cole, supra, that *scire facias* is not an action, but is only a continuation of the original action, and simply ancillary thereto, and that therefore no change of venue, under the change-of-venue statute applying only to *actions,* can be allowed in a *scire facias* proceeding to revive a judgment. While, by that decision, Wolff v. Schaeffer, and Simpson v. Watson, supra, were expressly overruled, obviously our ruling therein was merely to the effect that the holding of the overruled cases that *scire facias* is an action was no longer to be regarded as the law in this State. The right of trial by jury of issues of fact in a *scire facias* proceeding was neither considered nor ruled in that case.

In State v. Hoeffner, 124 Mo. 488, Division Two of this court held that a proceeding by *scire facias* upon a forfeited recognizance in a criminal case is a mere continuation of an original proceeding to enforce the collection of a debt confessed, and is not a civil action for the recovery of money only within the meaning of our code of civil precedure. [Sec. 1398, R. S. 1919.] In the concluding paragraph of that opinion, however, the learned writer of the opinion remarks: "From what has been said, it necessarily follows that Section 28, Ar-

ticle 2, State Constitution, which provides that 'the right of trial by jury as heretofore enjoyed shall remain inviolate,' has no application to this case.'' That case, however, was not a proceeding by *scire facias* to revive a judgment in a civil suit, and apparently the attention of the court had not been directed in that case to the point that issues of fact in a *scire facias* proceeding to revive a judgment in a civil suit, based upon matters arising after the rendition of the original judgment, were triable by jury at common law before the adoption of our first State Constitution, for the court in that case obviously based its last conclusion (above quoted) *solely* upon the premise that a *scire facias* proceeding is not a new action in and of itself, but is merely the continuation of an original proceeding. We do not regard the concluding paragraph of that opinion as controlling upon us in the instant proceeding, in view of the different character and purpose of this proceeding and the issue of fact raised by the pleadings herein.

State ex rel. v. Cook, supra, was a mandamus proceeding and is not an authority in the instant proceeding. Neither was the right of trial by jury claimed therein, nor was that question ruled by the Springfield Court of Appeals.

We conclude that the issue of fact, raised by the appellants' answers to the writs of *scire facias* herein and the respondent's reply to the answers, was triable by jury at common law before the adoption of our Constitution of 1820 and this right to a jury trial was preserved and guaranteed by Section 28 of Article II of our existing Constitution, as well as by the earlier constitutions of this State. It follows that the trial court erred in denying the appellants' demand for a trial of that issue by a jury and in overruling their objections to a trial of the issue by the court without a jury.

Respondent furthermore urges that it was the duty and province of the trial court to weigh the evidence submitted and determine the real facts in issue, i. e. whether the pledged shares of capital stock of the Borden Var-

nish Company were worthless and of no value at and since the rendition of the original judgment, or whether the pledged shares had some substantial value, and that the findings and conclusions of the trial court on that issue are conclusive. Our conclusion, however, is that it was the province of a jury and not of the trial court to determine that issue of fact.

The judgment *nisi* is accordingly reversed and the proceeding remanded for a retrial of the issue of fact raised by the pleadings in accordance with this opinion. *Lindsay, C.,* concurs.

PER CURIAM:—The foregoing opinion by SEDDON, C., is adopted as the opinion of the court. All of the judges concur.