GEORGE BOURLIER, APPELLEE, V. W. K. KEITHLEY ET AL.,
APPELLANTS.

5 N. W. (2d) 121

FILED JULY 24, 1942.   No. 31366.

*Lloyd E. Peterson,* for appellants.

*William Niklaus* and *Tyler & Frerichs, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER, MESSMORE and YEAGER, JJ.

YEAGER, J.

This is an appeal by W. K. Keithley and Beulah H. Keithley, defendants, from the action of the trial court, in a proceeding in aid of execution, first, in refusing to require the judgment creditor, George Bourlier, plaintiff and appellee herein, to give security for costs, he being a nonresident of the county in which the proceeding was pending; second, in refusing to require the judgment creditor to make his affidavit more definite and certain, which affidavit was the basis for order requiring appearance and submission to examination by the defendants who are the judgment debtors; and, third, from the order itself.

The record on appeal discloses that the appellee on February 15, 1938, obtained a judgment against the defendants in the amount of $2,784.86, with interest and costs, of which amount on March 10, 1941, there remained unpaid $1,434.86, plus interest and costs. On March 10, 1941, appellee by motion invoked the remedy provided by section 20-1567, Comp.

St. 1929, and sought an order requiring that appellants appear before the court and submit to examination as to property owned by them. The motion was supported by the affidavit of appellee. The affidavit set forth the statutory essentials necessary to the issuance of an order for the appearance of the appellants.

On March 13, 1941, without the court having issued the order sought by appellee, the appellants filed motion for security for costs. This motion was overruled on April 26, 1941, at which time the appellants were allowed ten days within which to plead.

On May 6, 1941, and again before issuance of order, the appellants filed motion to require appellee to make his affidavit more definite and certain. This motion was overruled on August 8, 1941.

On the same day, on the original motion of appellee, the court entered an order requiring the appellants to appear for examination on August 23, 1941, at 10 o'clock a. m. The order was duly served August 11, 1941; however, the appellants have never appeared in response to the order.

On August 14, 1941, and again on November 3, 1941, the appellants gave notice of appeal. The transcript was filed November 5, 1941.

To say the least, the proceedings as disclosed by the foregoing chronology of events and in the light of the intent and purpose of the statutes requiring examination here were unusual. We can say also that they were irregular and doubtless calculated to hinder and delay orderly processes under the legislative grant of authority for proceedings in aid of execution.

One needs but to read the statute to ascertain that the application and the furnishing of evidence by affidavit or otherwise is an *ex parte* presentation. The issuance of the order for appearance and examination is dependent solely on the *ex parte* presentation.

The court was without power or jurisdiction over, or to make any order having binding force upon, appellants, unless and until the *ex parte* order was served, or unless they

voluntarily made some character of general appearance in response to the order.

The order was served, but no appearance was made unless it be said that notice of appeal was an appearance, but, however that be, the district court entered no order of any kind affecting the substantial rights of appellants after it had jurisdiction to enter such order. Nothing was done which gave appellants any right of appeal. At the time the appeal was taken there had been no final order from which an appeal could be taken. See *Clarke v. Nebraska Nat. Bank,* 49 Neb. 800, 69 N. W. 104.

On the issues sought to be presented it may be stated that in due course and at the proper time the appellants would have had the right to attack the legal sufficiency of the application for order for appearance and examination and the supporting evidence, but they did not permit pursuance of the instituted proceeding to the point where the opportunity to raise these questions became available to them.

The showing was made agreeable in form and substance to and in the manner required by statute *ex parte* to a court or judge. *Clarke v. Nebraska Nat. Bank,* 57 Neb. 314, 77 N. W. 805. See, also, *Estey v. Fuller Implement Co.,* 82 Ia. 678, 46 N. W. 1098. Therefore, by way of declaration to avoid further useless litigation it may be stated that the affidavit in question here was a sufficient showing for the purpose of requiring examination of the judgment debtor under the provisions of section 20-1567, Comp. St. 1929.

A proceeding in aid of execution is a special proceeding made upon a summary application in an action after judgment. *Clarke v. Nebraska Nat. Bank,* 49 Neb. 800, 69 N. W. 104. It is not an action within the meaning of section 20-1701, Comp. St. 1929, requiring a nonresident of a county in which action is brought to furnish security for costs.

For the reasons stated, the appeal is dismissed.

APPEAL DISMISSED.