STATE OF MISSOURI at the Relation of MINNIE SILVERMAN, Relator, v. HONORABLE ROBERT J. KIRKWOOD, Judge of the Circuit Court of the City of St. Louis, State of Missouri, Sitting in Cause No. 10,613-0, as in Division No. 16 of Said Court, Respondent, No. 42173—239 S. W. (2d) 332.

Court en Banc, April 9, 1951.

Rehearing Denied, May 14, 1951.

*J. L. London* for relator.

*Louis B. Sher and Joseph Nessenfeld* for respondent.

[334] CONKLING, J.—Mandamus. Upon application of the relator (Minnie Silverman) we ordered this cause transferred here from the St. Louis Court of Appeals. The principal opinion of that court (230 S. W. (2d) 513) seems to hold that neither personal service in a foreign state of a writ of scire facias issued by the circuit court in the city of St. Louis (the court of the original judgment) nor constructive service of such writ by publication were sufficient to give the court of original judgment the jurisdiction of the person

necessary to revive a personal judgment against the original judgment debtor.

The facts of the case are stated in such detail in 230 S. W. (2d) 513, et seq., that it is not required that we here restate such facts at length. But that opinion should be read in connection with the disposition we here make of this cause.

Briefly, the relator seeks to revive a judgment for alimony originally entered September 29, 1936, against Joseph Silverman. That judgment provided for payment of $20.00 per week after that date. The amount due under the judgment and which accrued prior to Dec. 31, 1946, is not here involved. The amount now sought to be recovered is the sum which relator claims has accrued since December 31, 1946. On September 10, 1946 relator by motion, in the original court and cause, moved for the issuance of a writ of scire facias to revive the 1936 alimony judgment. The scire facias was that day ordered issued and to be directed to the Sheriff of the City of St. Louis. On September 18, 1946 that above mentioned order was set aside of the court's own motion and a new order was entered directing the scire facias to be issued directed to any officer authorized to serve process in New Jersey. The notice and writ ordered on September 18, 1946 was issued and the writ was personally served on the original judgment debtor in the state of New Jersey on September 23, 1946 by an officer authorized to serve process in civil actions in that state. The judgment debtor had no property of any kind in Missouri. Thereafter, upon motion of Joseph Silverman (who limited his appearance to that purpose), the court of the original judgment quashed the last above mentioned writ and notice. Thereafter upon relator's request, the court of original judgment again issued a writ of scire facias and made an order of publication with respect thereto. Such publication was made. Thereafter that writ, and the publication thereof, upon motion of Joseph Silverman was quashed. Thereafter the trial court overruled relator's motion praying the court to set aside all orders quashing the writs, notices and the publication. Upon relator's application, the Court of Appeals thereafter issued its writ of mandamus requiring the respondent circuit judge to assume jurisdiction and to proceed to revive the judgment. After opinion of that court in that cause we ordered this transfer.

The question here presented for our ruling is whether in revivor proceedings the statutes of this state authorize either personal service or service by publication if the original judgment debtor resides without the state at the time of the attempted revivor, and for that reason the scire facias writ cannot be served within the State of Missouri.

A proceeding by the issuance of a writ of scire facias to revive a judgment is not a new action. It is not even an "action" within the legal meaning of the word. Hickox v. McKinley, 311 Mo. 234,

247, 278 S. W. 671. It is mere "special proceeding" in continuance of and ancillary to the former suit in which the judgment was obtained. It is but supplementary to aid in the recovery of the debt evidenced by the original judgment. Upon scire facias proceedings the court cannot inquire into the merits of the original judgment. There can be no change of venue in scire facias. Sutton v. Cole, 155 Mo. 206, 55 S. W. 1052. In Missouri the judgment upon scire facias proceedings is not a new judgment but merely extends the life of the old judgment and authorizes execution to issue. A scire facias proceeding is one wherein the judgment [335] debtor may come into court and file a pleading wherein he may show cause, if any he has, why the original judgment should not be revived. But it is not a new action in any sense. Scire facias is not limited to the preservation of a lien. "It is designed to revive the judgment itself and give it a new vitality." Goddard v. Delaney, 181 Mo. 564, 571, 80 S. W. 886. If the writ of scire facias is issued prior to the expiration of the ten years from date of the judgment, the order of revival may be made after the expiration of such ten year period. In re Jackman's Estate, 344 Mo. 49, 124 S. W. (2d) 1189, State ex rel. Buder v. Hughes, et al., 350 Mo. 547, 166 S. W. (2d) 516, 519, State ex rel. Silverman v. Kirkwood, 230 S. W. (2d) 513, 519, and cases there cited in Judge Anderson's separate concurring opinion. The cited case of Union Natl. Bank of Wichita v. Lamb, 360 Mo. 81, 227 S. W. (2d) 60, ruled only upon the effect of the Colorado statutes of revivor and is not authoritative upon any question now before us. We are here considering the Missouri statutes. And our Rule 3.02(f) is not determinative here. It was adopted prior to the effective date of what is now R. S. Mo. 1949, Sec. 506.160, as Sec. 28 of our Code, (Laws Mo. 1943, p. 367) was amended by Laws Mo. 1945, p. 640. In any event that rule but declared the meaning of the word "term" as used in Sec. 1274, R. S. Mo. 1939 (now Sec. 511.400, R. S. Mo. 1949).

It may be conceded, as of course, that in an *action* filed in this state to recover a general personal judgment against a non-resident of this state, that neither personal service upon the defendant in a foreign state nor service by publication under the provisions of R. S. Mo. 1949, Sec. 506.160, will authorize the rendition of a general personal judgment. But no such question is here before us.

The Missouri circuit court had jurisdiction of the person of Joseph Silverman in the original divorce action in which the original personal judgment was entered on September 29, 1936. But at the time of the issuance of the writ of scire facias to revive that judgment Joseph Silverman was a resident of New Jersey, had no property of any kind in Missouri, and could not be personally served in Missouri. He was personally served with the scire facias writ and notice in New Jersey. Service was also had by publication. Limiting his appearance to the purposes of his motion, he appeared in the court of

original judgment and successfully moved that court to quash the writ of scire facias and the publication. Do our statutes permit him to thus avoid the effect of the original general personal judgment? They do not.

The principal opinion of the Court of Appeals seems to reach its conclusion by ignoring the rule of the Missouri cases (which are in accord with the weight of authority) that a scire facias proceeding is a continuation of and is but supplementary to the action in which the judgment sought to be revived was rendered and that such proceeding is not of itself an original action. The writ of scire facias is a judicial writ, Peak v. Peak, (Mo. Sup.) 181 S. W. 394, 395. It is not an original writ such as a summons. A proceeding by scire facias for the single purpose of reviving and continuing the force of a judgment theretofore rendered is not even a proceeding in personam. But the effect of an order of revivor is to vitalize and make subject to execution a general personal judgment theretofore entered. A scire facias proceeding is only a special proceeding by judicial writ in the original action. Its sole purpose is to give the judgment debtor an opportunity to appear and show cause (if he has any) why the order of revivor should not be entered. In ruling the question before us we cannot overlook the basic principle that the suing out of a scire facias writ is not a new action but is only a special proceeding by judicial writ and a continuation of the cause in which the original judgment was entered. That principle compels the conclusion we reach and our disposition of the question instantly here.

Sec. 28 of our Civil Code, as amended by Laws of Mo. 1945, p. 640 to 643 (now R. S. Mo. 1949, Sec. 506.160) was considered in the principal and concurring opinions of the Court of Appeals. That section, in subsection [336] 1, in part, provides that "Service by mail or by publication shall be allowed," (in certain named instances) "*or in any special proceedings in which notice by mail or by publication is authorized* including but not limited to actions to quiet title and actions to ascertain and determine title to real estate." That subsection further provides, "* * * but such service shall not warrant a general judgment against such defendant." Note that the statute states "*any* special proceedings."

Is a scire facias proceeding a "special proceeding", and is it a "special proceeding in which notice by mail or by publication is authorized" as those words are used in Sec. 506.160? Generally, a special proceeding includes every special statutory remedy or proceeding which is not in itself an *action*. Proceedings which do not come within the legal concept of an *action* but have their origin in a statute are special proceedings. The distinction between an "action" and a "special proceeding" is well recognized in law and the two terms are not interchangeable. Generally, an action is such a judicial proceeding as, conducted to termination, results in a judgment. But the

effect of an order upon scire facias is to extend the life of the old judgment and authorize issuance of execution. A proceeding ancillary or supplementary to judgment is a special proceeding, as is any proceeding solely in aid of execution. Proceedings under a statute commenced for the purpose of effecting the collection of an existing judgment are special proceedings. Hickox v. McKinley, supra, Sutton v. Cole, supra, Wehrs v. Sullivan, (Mo. Sup.) 187 S. W. 825, Ellis v. Mitchell, 85 N. Y. Sup. (2d) 398, Western Smelting & Refining Co. v. First National Bank of Omaha, 150 Neb. 477, 35 N. W. (2d) 116, Waring v. Town of South Sioux Falls, 72 S. D. 215, 31 N. W. (2d) 766, Calif. Employment Com. v. Sutton, 69 Cal. App. (2d) 181, 158 Pac. (2d) 949, Los Angeles Inv. Sec. Corp. v. Joslyn, 12 N. Y. Sup. (2d) 370, Junkin v. Anderson, (Wash.) 120 Pac. (2d) 548, Bourlier v. Kiethley, 141 Neb. 862, 5 N. W. (2d) 121. Clearly a scire facias proceeding is a ''special proceeding'' within R. S. Mo. 1949, Sec. 506.160. That section clearly is equally as applicable to scire facias as to the instances specifically set out and named therein in subsection 1 thereof.

R. S. Mo. 1949, Secs. 511.370 to 511.430, provide for the issuance of a writ of scire facias; declare its effect and effective date; provide it shall be served ''on the defendant''; provide that ''if the defendant cannot be found'' the court may make an order of publication and that such order be published; and also provide that the original judgment ''shall be revived.'' Sections 511.410 and 511.420 specifically provide for an order of publication by the court in scire facias proceedings and set out the requirements of such newspaper publication. We rule that a scire facias proceeding is a special proceeding in which notice by publication is authorized.

In the brief of each of the parties and in the principal opinion of the Court of Appeals, our reported case of Peak v. Peak, supra, has had much emphasis and discussion. In that case, as in this, the judgment sought to be revived was one for alimony entered concurrently with a decree of divorce. The scire facias writ was there issued before the 10 years expired. In the Peak case the judgment for alimony was made a lien on certain real estate, and before the expiration of ten years after the judgment, the plaintiff (formerly the wife) sought revival of the alimony judgment and a writ of scire facias was issued. Defendant (her former husband) was then a non-resident of Missouri. The court of original judgment (after the ten years had elapsed) made an order of publication. That order was complied with and the publication was made. Thereafter the trial court concluded that such constructive service by publication ''was insufficient to give defendant notice of the pendency'' of the writ of scire facias. Upon appeal we said that the one question before us was ''whether the court in reviving the judgment was possessed of jurisdiction of the defendant in that proceeding.'' We held there

that, after the publication, the court of original judgment was invested with [337] "jurisdiction of the defendant in the petition to revive the judgment against him, and that its subsequent judgment of revivor was valid", etc.

But Joseph Silverman seeks to distinguish the Peak case and contends it is of no force here, because in that case, the judgment for alimony was made a lien on real estate, and that it was therefore, in effect, a proceeding in rem. We cannot agree with that contention. Neither the statutes authorizing publication in scire facias proceedings (Secs. 511.410 and 511.420 of R. S. Mo. 1949) nor our Code (Sec. 506.160) make any such distinction. And rationally no distinction can be made between a special proceeding to revive a judgment which has been made a lien on real estate and a special proceeding to revive a general personal judgment. We held in Goddard v. Delaney, supra, that scire facias is not limited to the preservation of a lien, but that its purpose is to revive a judgment and give it new vitality.

As to the service by publication we conclude and rule that our statutes authorized such service of a scire facias writ, and such service of itself invested the court of original judgment with jurisdiction of the person of Joseph Silverman in the proceedings to revive the instant 1936 judgment.

Subsection 6 of Section 506.160, R. S. Mo. 1949, (formerly subsection (e) of Sec. 28 of our Code, Laws Mo. 1945, p. 642 effective April 29, 1946) in any instance mentioned in Subsection 1 of Sec. 506.160, (including the "special proceedings" there mentioned) provides for personal service upon a defendant "residing or being without this state * * * by any officer authorized by law to serve process in civil actions within the state or territory where such service is made." Under the authority of Subsection 6 of our statute Joseph Silverman was personally served with the writ of scire facias in New Jersey on September 23, 1946. That service was authorized by our statute, and of itself invested the court of original judgment with jurisdiction of the person of Joseph Silverman in the proceedings to revive the instant 1936 judgment.

As noted in Judge Anderson's concurring opinion (230 S. W. (2d) l. c. 518, 519) and authorities there cited, it is not only the weight of authority, but we think it is the better reasoned conclusion that, "it is not necessary that there be personal service of the writ of scire facias within the state where the original judgment was rendered." See authorities collected and referred to, 230 S. W. (2d) l. c. 518, 519. And under our statutes we can reach no other conclusion.

The instant writ of mandamus which was issued by the St. Louis Court of Appeals on October 29, 1949, and which ordered and directed the court of original judgment to assume jurisdiction of said proceeding to revive the judgment of September 29, 1936, and to

1204

hear and determine the same, is hereby made permanent. Inasmuch as it has jurisdiction of the person of the said Joseph Silverman, the court of original judgment is therefore now directed to assume such jurisdiction and to proceed to hear and determine such issues as may be raised by the instant scire facias writ. It is so ordered. All concur.