Edgar F. NELSON, Executor of the Estate of Christina B. Rieger, Deceased, and Edgar F. Nelson, Franklyn L. Nelson, Genevieve Nelson, and Robert Nelson, legatees and heirs of legatees of Christina B. Rieger, Deceased, Respondents,

v.

Evan H. HAMMET, Appellant.

No. 48024.

Supreme Court of Missouri, Division No. 2.

Jan. 9, 1961.

Motion for Rehearing or to Transfer to Court en Banc Denied Feb. 13, 1961.

Ernest D. Martin, Kansas City, for appellant.

Lancie L. Watts, Kansas City, for respondents.

LEEDY, Presiding Judge.

This is a proceeding by scire facias to revive the judgment in this action. Rendered originally on July 7, 1949, it was for a sum in excess of $15,000, no part of which has ever been paid. Although entirely unnecessary to do so, yet the plaintiffs did, on June 18, 1959 (all references to dates are to the year 1959 unless otherwise not-

ed), file an "application" for scire facias to revive the judgment. The writ was issued the same day, returnable to the ensuing September term of court. It was agreed that this writ was never served on defendant, and such being the situation on October 2, an alias writ issued, and on October 7 it was personally served on defendant, who, at the return term, on November 10, filed a "special" motion to quash said alias writ (so called because he attempted to limit his appearance for the purpose of the motion), the grounds of which motion were, in substance, that the writ had been unlawfully issued, and was a nullity and void because it appeared on its face that it was not issued within ten years from the date and rendition of the original judgment, which judgment had not theretofore been revived, so that it had expired by "legal limitations, and it had neither force nor vigor." On December 4 this special motion to quash was overruled, and on December 14 defendant filed a motion for rehearing thereon, and on December 18 said motion for rehearing was overruled. Thereupon defendant filed his notice of appeal, stating that he thereby appealed from "the decree and ruling of the court entered in this action on the 18th day of December, 1959," i. e., the order overruling his motion for a rehearing of his special motion to quash, the only action taken on that date. Three days thereafter, to wit, on December 21, the court rendered judgment of revivor, but this appeal is not from the judgment of revivor, but, on the contrary, is, as we have just seen, from an order made earlier in the course of the proceedings. Plaintiffs have filed a motion to dismiss the appeal on the ground that the order thus attempted to be appealed from is not an appealable order under § 512.020 RSMo 1949 and V.A.M.S. Plaintiffs' contention must be sustained, as the following somewhat cursory examination of the nature of a proceeding by scire facias to revive a judgment will disclose.

■ The writ of scire facias combines both process and declaration or petition in a single instrument, the general character of which "is that of a mandate to the sheriff, reciting the occasion upon which it issues, as, for example, an unsatisfied judgment * * * and directing him to make known to the parties named that they shall appear before the court at a given day to show cause, if any they have, why the plaintiff should not be allowed to take the steps desired by him in relation to the matter." 47 Am.Jur., Scire Facias, § 30.

■ Those features of the procedure in scire facias proceedings here pertinent are thus cogently stated in Beattie Mfg. Co. v Gerardi, Mo., 214 S.W. 189, 191: "The writ may be applied for by petition, although it is unnecessary. The petition therefore serves no essential function. * * * At common law the writ served the double purpose of process and pleading. * * * Following the essential features of the procedure at common law, it has been the universal practice in this state to regard the writ as the first pleading on the part of the plaintiff which might be demurred to for insufficiency, or otherwise, or answered, and issues formed as in other cases. Goddard v. Delaney, supra [181 Mo. 564, 80 S.W. 886]; Sutton v. Cole, 155 Mo. 206, 55 S.W. 1052." See, also, Kennedy v. Boden, Mo. App., 231 S.W.2d 862, 866; Reyburn v. Handlan, 165 Mo.App. 412, 147 S.W. 846.

■ As we have just noticed, the writ may be applied for by petition, although it is not necessary, this because those matters and things that would ordinarily be necessary to aver in a petition appear in the writ itself. Indeed, the rule has been that in a proper case the writ may issue as of course out of the clerk's office without leave of court being first obtained. Goddard v. Delaney, supra. See, in this connection, the specific authorization for the issuance of the writ on motion ex parte as provided by Civil Rule 74.36, which became effective April 1, 1960, V.A.M.R.

■■ It is apparent that defendant, in attempting to conform to the requirements of the practice with reference to attacking

the sufficiency of the writ (as the first pleading) by "demurrer" (as the older cases say), filed, as a substitute procedure prescribed by the Civil Code, his special motion to quash. Except for a difference in nomenclature (in conformity with our former Rule 3.02(b), interdicting the use of demurrers), that special motion to quash was in substance and effect what under the former practice would have been denominated a demurrer. As we have noticed, it was ruled adversely to defendant-movant. It is beyond question that an adverse ruling on a demurrer to a petition has never been regarded as an appealable order under the statute, supra; and so it is in the circumstances here present. The order overruling the special motion to quash was merely a step in the course of making up the issues preliminary to a hearing on the merits of the claim asserted by and under the. writ. That order being interlocutory and not finally dispositive of the proceeding, was therefore not appealable, from which it follows that the order overruling the motion for rehearing (the order actually designated and attempted to be .appealed from) was likewise not appealable. We find nothing in present Civil Rule 82.06, invoked by defendant as authority for the appealability of the order, which in any way governs, or even remotely touches, the question with which we are dealing. That section has to do with judgments and appeals in instances where the court has ordered separate trials of claims, including counterclaims and third-party claims, and has no reference to a situation such as that with which we are now concerned.

■■ In the latter connection, and in further elaboration of the nature of a proceeding by scire facias, and as indirectly indicating our view that appellate review on the merits would avail defendant nothing, it may not be amiss to notice the following: The writ, when used to revive a judgment, is not a new action and is merely a further proceeding in the same action, and is based on the original judgment. "It is not even an 'action' within the legal meaning of the word. Hickox v. McKinley, 311 Mo. 234, 247, 278 S.W. 671. .It is [a] mere 'special proceeding' in continuance of and ancillary to the former suit in which the judgment was obtained. It is but supplementary to aid in the recovery of the debt evidenced by the original judgment. * * * A scire facias proceeding is one wherein the judgment debtor may come into court and file a pleading wherein he may show cause, if any he has, why the original judgment should not be revived. * * * If the writ of scire facias is issued prior to the expiration of the ten years from date of the judgment, the order of revival may be made after the expiration of such ten year period. [Citing cases.]" State ex rel. Silverman v. Kirkwood, 361 Mo. 1194, 1199–1200, 239 S.W.2d 332, 334–335.

Returning now to the question on which the appealability of the order turns, the conclusion is inescapable that, the court having refused to quash the writ, the way was then open for the defendant to have answered and obtained a trial on the merits. But this he did not do; instead, he appealed, and his appeal, being premature in any view that may be taken of the matter, must be, and it is, dismissed.

All concur.