**AGIN–FEELEY SERVICES, INC.,**
Respondent,

v.

**INDUSTRIAL COMMISSION of Missouri and Division of Employment Security of Missouri, Appellants.**

**No. 24189.**

Kansas City Court of Appeals.

Missouri.

April 5, 1965.

Gordon P. Weir, Lloyd G. Poole, Jefferson City, for appellants.

Edward L. Fitzgerald, Downey, Sullivan & McCormick, Kansas City, for respondent.

HOWARD, Judge.

The action below was a petition for judicial review of a decision of the Industrial Commission of Missouri. This petition was filed in the Circuit Court of Jackson County, Missouri, and in response thereto appellants filed a motion to dismiss on two grounds (1) that the Circuit Court was without jurisdiction, and (2) that the plaintiff had failed to name the Missouri Division of Employment Security as a party defendant, and that such division was a necessary party.

Respondent promptly filed a motion to add the Division of Employment Security as a party defendant in the judicial review proceeding. The Circuit Court then entered an order overruling the motion to dismiss and sustaining the motion to add the Division of Employment Security as a party defendant. The court also ordered that the Division of Employment Security "be and the same is added as party defendant".

Notice of appeal was filed by the Industrial Commission of Missouri and the Division of Employment Security of Missouri, "from the order of the Circuit Court of Jackson County, Mo., Division No. 7, entered in this action on the 26th day of August, 1964."

Further statement of facts is unnecessary because it appears that there is no appealable order in this case and that this appeal is therefore premature and must be dismissed.

This case was submitted in this court on appellants' brief only, and we do not have the benefit of any thoughts from respondent. Appellants' brief entirely failed to mention this question of an appealable order in its jurisdictional statement. Nevertheless, it is the duty of this court to determine the matter of its jurisdiction and the existence of a proper appealable order on its own motion. See Anderson v. Metcalf, Mo., 300 S.W.2d 377, In re Smith, Mo.App., 331 S.W.2d 169, and Graham v. Bottorff, Mo.App., 240 S.W.2d 191.

In the instant case, the Circuit Court overruled a motion to dismiss. This is not a final judgment and this is not an action which is specifically made appealable by the provisions of Section 512.020 RSMo1959, V.A.M.S. Since the right of appeal is statutory and since this action of the Circuit Court is not one from which an appeal is authorized by such statute,

there is no appealable order, and the appeal will not lie. This has been repeatedly and specifically held by all the courts of Missouri which have considered the problem. This specific point was cogently disposed of by the opinion of Judge Cave of this court in Graham v. Bottorff, Mo.App., 240 S.W.2d 191. See also Nelson v. Hammet, Mo., 343 S.W.2d 75.

■ The other action of the Circuit Court in this case was that of sustaining respondent's motion and ordering the Division of Employment Security to be made a party defendant. An analogous situation was considered by the Missouri Supreme Court in Bruun v. Katz Drug Company, Mo., 211 S.W.2d 918, where it was held that an order adding or denying the addition of parties to a lawsuit does not constitute an appealable order unless such order has the effect of discharging some of the parties to the litigation or the force of creating or enlarging liability. The action of the Circuit Court in the present case does none of these things.

■ Absent a specific statutory authorization for appeal from the order in question, an appeal will lie only where the judgment appealed from has determined all issues as to some or all of the parties. See Anderson v. Metcalf, Mo., 300 S.W.2d 377; Bruun v. Katz Drug Company, Mo., 211 S.W.2d 918 and other cases heretofore cited.

In the present case no issues have been determined by the order of the Circuit Court from which this appeal is attempted to be taken. As was pointed out in Nelson v. Hammet, Mo., 343 S.W.2d 75, the action in the Circuit Court was merely a step in the course of making up the issues preliminary to a hearing on the merits.

In the absence of an appealable order because of the absence of any statutory authorization for this appeal, this Court has no choice but to dismiss this appeal.

The appeal is accordingly dismissed.

All concur.