Darrell MOORE, d/b/a Moore Cattle Company, Plaintiff-Respondent,

v.

Charles LUNA, Defendant-Appellant.

No. 12200.

Missouri Court of Appeals, Southern District, Division Two.

Dec. 16, 1981.

Bob J. Keeter, Jones, Keeter, Karchmer, Nelms & Sullivan, Springfield, for defendant-appellant.

Jerry L. Reynolds, Bonacker & Reynolds, P.C., Springfield, for plaintiff-respondent.

HOGAN, Judge.

On March 14, 1978, plaintiff Darrell Moore had judgment against defendant Charles Luna in the amount of $1,860 as actual damages and $5,580 as punitive damages. On March 4, 1981, pursuant to Rule 74.36 [1] plaintiff filed an ex parte motion praying issuance of a writ of scire facias to revive the judgment and the lien thereof. As provided by Rule 74.36, an order to show cause issued and was directed to the Sheriff of Taney County for service as required by Rule 74.39. A return showing personal service was filed March 10, 1981.

On that same day and within 3 years of the rendition of the original judgment, defendant filed a five-paragraph motion to set aside the judgment for irregularity as permitted by Rule 74.32. The first four paragraphs of this motion aver, in substance, that the original judgment is defective because: (a) the petition filed in the original case was drawn in two counts; (b) the judgment of March 14, 1978, did not specify which count the judgment was entered upon, and therefore (c) the judgment was not a final judgment and would not support the issuance of a scire facias. Defendant further alleged that the judgment of March 14, 1978, was invalid because it was entered without notice to the defendant.

---

1. References to statutes and rules are to RSMo 1978, V.A.M.S. and Missouri Rules of Court (12th ed. 1981).

On March 13, 1981, the trial court took the matter up. Such record as we have indicates counsel were present and were heard at that time. The court entered a judgment of revivor and a partial judgment on the motion to vacate, holding its ruling on the alleged lack of notice in abeyance. Pursuant to Rule 81.06, the court designated these orders final for purposes of appeal. This appeal followed.

The nature and office of the writ of scire facias has been fully developed by our Supreme Court in *State ex rel. Silverman v. Kirkwood*, 361 Mo. 1194, 239 S.W.2d 332 (banc 1951); *Nelson v. Hammet*, 343 S.W.2d 75 (Mo.1961), and many other precedents, and need not be developed here. The writ quite often issues as of course without leave of court being first obtained; however, it also serves as first pleading which may be demurred to or answered and issues formed as in other cases, *Nelson v. Hammet, supra*, 343 S.W.2d at 77, and we have assumed the motion filed by defendant is a proper pleading. Because a scire facias proceeding is a "special proceeding" to aid in the recovery of the debt evidenced by the original judgment, *State ex rel. Silverman v. Kirkwood, supra*, 361 Mo. at 1200, 239 S.W.2d at 334[1], the trial court's orders are "special order[s] after final judgment in the cause" and are appealable under the provisions of § 512.-020. See *City of Caruthersville v. Cantrell*, 241 S.W.2d 790, 791[2] (Mo.App.1951).

The only point tendered here is that the judgment is irregular and unenforceable because it does not fully and finally dispose of the merits of the action. The defendant has not chosen to correlate "finality" for purposes of appeal and "finality" as an irregularity which prevents enforcement of that judgment, and we decline to explore that correlation sua sponte. It is sufficient to note that a judgment may be characterized as final in one sense or for some purpose and as not final in another sense or for another purpose. *State ex rel. Berbiglia v. Randall*, 423 S.W.2d 765, 768–769[1–3] (Mo.banc 1968).

Assuming—without deciding—that lack of finality for purposes of appeal is an "irregularity" which may be addressed by motion to vacate under Rule 74.32, the judgment here rendered was not irregular. It is true, as defendant asserts, that the judgment of March 14, 1978, did not specify the count upon which it was entered, but that irregularity, if it be such, is not dispositive here. The plaintiff pleaded an intentional tort in two alternative counts. The first count sets up fraud in conventional terms. The second count sets out the selfsame tort as a conversion by trustee. Both counts were predicated on the same cause of action and judgment on either count necessarily excluded and effectively disposed of the other. *Hayes v. Cardwell*, 575 S.W.2d 816, 821–822 (Mo.App.1979); *J. G. Jackson Associates v. Mosley*, 308 S.W.2d 774, 776–777[1, 2] (Mo.App.1958). See also *Skatoff v. Alfend*, 411 S.W.2d 169, 173–174[7, 8] (Mo.1967); *Scheid v. Pinkham*, 394 S.W.2d 570, 572[2] (Mo.App.1965). To the extent that a lack of finality for purposes of appeal may constitute an "irregularity," the judgment of March 14, 1978, is not irregular.

The judgment appealed from is affirmed pursuant to Rule 84.16(b).

PREWITT, P. J., and BILLINGS, J., concur.

