Lee R. **ELLIOTT,** Appellant,

v.

Charles R. **COCKRELL,** Respondent.

No. 70771.

Missouri Court of Appeals, Eastern District, Division Five.

April 8, 1997.

---

Lee R. Elliott, Troy, for Appellant.

CRANDALL, Judge.

Appellant, Lee R. Elliott, appeals from the judgment of the trial court reviving the judgment against respondent, Charles R. Cockrell, to the extent of $1,908.21, the amount remaining unpaid on a judgment of $2,206.75. We reverse and remand with directions.

In July 1986, Elliott brought an action against Cockrell seeking $2,206.75 for attorney's fees for services rendered. On August 7, 1987, Cockrell consented to the entry of judgment against him in the amount of $2,206.75 plus costs. On April 19, 1996, Elliott filed an application for a writ of scire facias to revive the August 7 judgment which allegedly remained unsatisfied. After a hearing, the trial court entered judgment reviving the judgment in the amount of $1,908.21. In computing this figure the court subtracted payments received through garnishments, less costs of garnishments, from $2,206.75, the amount of the original judgment, and did not add any accrued interest.

In his first point, Elliott contends the trial court erred in reviving the judgment in the amount of $1,908.21, because this figure is inaccurate. He argues that the court on an application for a writ of scire facias needs only to recite that the judgment is "still in effect for an unspecified amount."

A plaintiff may revive a judgment within a period of ten years by a writ of scire facias. § 511.370 RSMo 1994; *see also* Rule 74.09(a). A proceeding in scire facias is not an original action, but is a special proceeding in continuance of and ancillary to the former suit in which the judgment was obtained. *State ex rel. Silverman v. Kirkwood,* 361 Mo. 1194, 239 S.W.2d 332, 334 (1951). Scire facias is merely supplementary to aid in the recovery of the debt evidenced by the original judgment. *Id.*

A scire facias proceeding is one wherein a judgment debtor may come into court and show cause why the original judgment should not be revived. *Kirkwood,* 239 S.W.2d at 334–335; *see also* Rule 74.09(b). The defenses which the debtor may interpose in a scire facias proceeding are limited, however; and include the defenses either that the judgment does not exist or that it has

been satisfied. 46 Am.Jur.2d *Judgments* § 425 (1994).

 In Missouri, the judgment upon a scire facias proceeding is not a new judgment but merely extends the life of the old judgment and authorizes execution to issue. *Kirkwood*, 239 S.W.2d at 334. Scire facias is designed to revive the judgment itself and to give it new vitality. *Id.* at 335.

Thus, the only pertinent issues in a scire facias proceeding to revive a judgment are whether the judgment creditor initiated the proceeding within the prescribed time of ten years; whether service, either personal or by publication, was obtained on the judgment debtor; whether the judgment existed; and whether the judgment was satisfied. Upon a show cause order, the judgment debtor may challenge the scire facias proceeding by raising any one of these defenses. If these issues are resolved in favor of the judgment creditor, however, the court simply grants the writ to revive the judgment.

In the instant action, there were no issues regarding the existence of the judgment, service of process, or initiation of the proceeding within the ten-year period. Although the record is sparse on the issue, Cockrell apparently attempted to establish that the judgment was partially satisfied through garnishments. Partial payment by the judgment debtor is not an available defense to be raised in a scire facias proceeding. The trial court should have revived the judgment in its original principal amount. There was no need and the court lacked authority to determine the amount owed by Cockrell by deducting any sums paid from the amount of the original judgment. Such computations are left to a proceeding at the time of execution. The trial court erred in reviving the judgment in an amount less than the original judgment of $2,206.75. Elliott's first point is granted.

In his second point, Elliott contends the trial court erred in disallowing post-judgment interest on the ground that a consent judgment does not bear interest. In view of our holding on point one, the second point is moot.

The judgment of the trial court is reversed and the cause is remanded with directions to the trial court to revive judgment in the amount $2,206.75, the amount of the original judgment.

AHRENS, C.J., and KAROHL, J., concur.