COLLECTOR OF REVENUE OF
The CITY OF ST. LOUIS,
Respondent,

v.

PARCELS OF LAND ENCUMBERED
WITH DELINQUENT TAX
LIENS, Defendant.

and

Robert L. Kennedy, Appellant.

No. ED 95312.

Missouri Court of Appeals,
Eastern District,
Division Two.

Sept. 20, 2011.

Francis X. Duda, Mariano V. Favazza, St. Louis, MO, for appellant Robert Kennedy.

Stephen J. Kovac, St. Louis, MO, for respondent, Collector or Revenue.

Donald G. Dylewski, St. Louis, MO, for defendant, Land Reutilization Authority of the City of STL.

Gordon D. Schweitzer, Jr., St. Louis, MO, for defendant, City of St. Louis Sheriff's Department.

KENNETH M. ROMINES, J.

This case is about the dismissal of a Rule 74.06 motion to set aside a foreclosure judgment on a parcel of land formerly owned by Appellant. It is decided on a procedural issue.

### Background and Procedural History

Prior to 2008, Robert Kennedy (Appellant) and his wife were the fee simple owners of the property at 4217 Russell Boulevard, St. Louis (the parcel). In October 2008 notice of a foreclosure action involving the parcel was published four times in the St. Louis Post Dispatch. A copy of the notice was also mailed to Appellant at the address listed with the City of St. Louis Assessor's Office. On 11 December 2008 a Judgment of Foreclosure was entered on the parcel. On 28 August 2009 the Collector of Revenue for the City of St. Louis filed a pleading with the circuit court listing the parcel as encumbered with delinquent special taxes and for sale by the sheriff. On 20 October 2009 an auction was held and the parcel was sold to the Land Reutilization Authority.

Subsequently, on 18 November 2009, Appellant filed a Rule 74.06 motion to set aside the foreclosure judgment on the parcel. On 10 March 2010 the motion court denied the motion. The motion court cited two reasons for denying Appellant's motion. First, it found that it had no jurisdiction to entertain the motion because it was not filed within a reasonable time after the judgment of foreclosure—it was filed more than eleven months after that judgment. Second, it found that the motion lacked merit because the foreclosure judgment was proper as Appellant had received notice of the code violations, the City had incurred expenses correcting those violations, a tax bill had been properly assessed against the parcel as a result of those expenses, Appellant had received notice of the foreclosure action, and the foreclosure judgment had properly affixed the time for the foreclosure sale.

On 20 May 2010 the circuit court entered a judgment approving the sheriff's sale of the parcel.

Appellant challenges the motion court's denial of his motion to set aside.

### Standard of Review

The motion court is afforded broad discretion when acting on a Rule 74.06 motion, and an appellate court should not interfere unless the record demonstrates an abuse of the motion court's discretion. Judicial discretion is abused only when that ruling was clearly against the logic of the circumstances then before the trial court and is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration.

1. Rule 81.04 provides: "(a) Filing The Notice of Appeal. When an appeal is permitted by law from a trial court, a party may appeal from a judgment or order by filing with the

*First Bank of The Lake v. White*, 302 S.W.3d 161, 165 (Mo.App. S.D.2009) (internal citations omitted).

### Discussion

■ Appellant claims the motion court erred in denying his Rule 74.06 motion to set aside the foreclosure judgment on the parcel. Appellant cites two errors in the motion court's judgment. First, as to the motion court's jurisdiction, Appellant claims his motion was timely *per se* as it was filed within one year of the foreclosure judgment. Second, as to the merits of the motion, Appellant claims the foreclosure judgment was void and should be set aside because there were no outstanding taxes on the property at the time of the judgment.

■ As a preliminary matter, this Court must consider the timeliness of Appellant's *appeal*. "In every case before considering claims raised on appeal, this Court has a duty to *sua sponte* determine whether we have authority to decide the appeal." *Parker v. American Publishing Co.*, 314 S.W.3d 798, 800–01 (Mo.App. E.D. 2010). If an appeal is not timely, this Court lacks authority to consider it. *Hamm v. Crawford*, 281 S.W.3d 923, 923 (Mo.App. E.D.2009).

The order and judgment denying Appellant's motion to set aside the 11 December 2008 judgment of foreclosure was entered on 10 March 2010. Thus, for his appeal of that judgment to have been timely, he would have needed to file it no later than 20 April 2010. Mo. Sup.Ct. R. 81.04.[1]

The judgment approving the sheriff's sale of the parcel was filed on 20 May 2010. A timely appeal of that judgment was due no later than 9 June 2010. Sec-

clerk of the trial court a notice of appeal. No such appeal shall be effective unless the notice of appeal shall be filed not later than ten days after the judgment or order appealed

tion 92.845.[2]  Appellant's notice of appeal was filed on 29 June 2010.

Even if Appellant were required to wait to file the appeal of the denial of his motion to set aside until after the judgment approving the sale of the parcel was entered, which this Court does not hold, his notice of appeal was still untimely.  As his appeal was untimely, this Court is without authority to consider the matter and the case is dismissed.

KATHIANNE KNAUP CRANE, P.J. and LAWRENCE E. MOONEY, J., concur.

from becomes final."  As to the finality of judgments, Mo. Sup.Ct. R. 81.05 states: "(a) Finality as Affected by After–Trial Motions. For the purpose of ascertaining the time within which an appeal may be taken: (1) A judgment becomes final at the expiration of thirty days after its entry if no timely authorized after-trial motion is filed."  Taken together this means that if there are no timely after-trial motions, a notice of appeal must be filed no later than forty days after the judgment is entered.

2.  All statutory references are to RSMo (2010) unless otherwise indicated.

Section 92.845 provides: "The collector or any interested person or anyone on behalf of any disabled person as defined in chapter 475, RSMo, may appeal from the judgment confirming or disapproving the sheriff's sale and the distribution made thereafter; provided, however, no question can be raised upon such appeal that could have been raised upon an appeal from the judgment of foreclosure. *Such appeals must be taken within twenty days after the date of such judgment.*  The necessity for giving bond and the provisions thereof shall be the same as in cases of appeal from a judgment of foreclosure."  (Emphasis added).