

# In the
# Missouri Court of Appeals
## Western District

IN THE MATTER OF THE
FORECLOSURE OF LIENS FOR
DELINQUENT LAND TAXES BY
ACTION IN REM: COLLECTOR OF
REVENUE, BY AND THROUGH THE
DIRECTOR OF COLLECTIONS FOR
JACKSON COUNTY, MISSOURI,

      Respondent,

v.

PARCELS OF LAND ENCUMBERED
WITH DELINQUENT TAX LIENS,
DEFENDANT,

EMANUEL BERNARD DACE,
APPELLANT,

BARBARA CRAWFORD, PLAINTIFF,

WD78357

OPINION FILED:

MARCH 29, 2016

**Appeal from the Circuit Court of Jackson County, Missouri
The Honorable Justine Elisa Del Muro, Judge**

**Before Division Four: Alok Ahuja, P.J., Anthony Rex Gabbert, J. James F. Kanatzar, Sp. J.**

Emanuel Bernard Dace, pro se, appeals the circuit court's November 25, 2014 judgment confirming the tax sale of his property. He asserts three points on appeal. First, he contends that the circuit court clearly erred in allowing the Director of Collections (Director) to hold a confirmation hearing regarding delinquent taxes although the Director knew Dace had paid the taxes and after the Director knowingly failed to send Dace notice of the Confirmation of Sale

hearing.  Second, Dace contends that the circuit court clearly erred in confirming the sale of his property because the Director knew Dace had already paid his delinquent taxes one month before the Director sold Dace's property, and the Director still has not refunded Dace's tax money. Third, Dace contends that the trial court clearly erred in denying his request for a hearing regarding his allegation that he received no service of the notice of the confirmation hearing and then ordering Dace to post an additional $5,000 cash surety/ appeals bond and allowing the Director to charge an excessive bail/bond.  We dismiss this appeal for lack of jurisdiction.

The circuit court's judgment confirming the sale of property located at 4406 Wayne in Kansas City was entered on November 25, 2014.  On January 28, 2015, approximately sixty-three days after the court entered its judgment, Dace filed a "Request for Hearing on No Service of Notice Confirmation" with the circuit court.  This request was tantamount to a motion for rehearing.  The circuit court denied the request "acknowledging that Judgment was entered on November 25, 2014."  Rule 78.04 provides that any motion for new trial or motion to amend the judgment shall be filed no later than thirty days after the entry of judgment.

On February 13, 2015, approximately seventy-nine days after entry of the confirmation judgment, Dace filed his notice of appeal.  On February 27, 2015, the Director filed a motion to dismiss Dace's appeal pursuant to statutory filing requirements.  Section 141.590 provides that an appeal from the judgment confirming or disapproving the sheriff's sale and the distribution

2

made thereafter "must be taken within twenty days after the date of such judgment."[1]  On March 6, 2015, Dace moved this court for a twenty-day extension to file the legal file and also moved for a twenty-day extension of time to respond to the Director's motion to dismiss.  On April 8, 2015, Dace filed a "Generic Objection" to the Director's motion to dismiss "until legal file is received."  On May 22, 2015, this court granted Dace's motion for an extension of time to file the record on appeal and took the Director's motion to dismiss for filing out of time with the case.[2]  We grant it now.

"Timely filing of a notice of appeal is jurisdictional."  *Spicer v. Donald N. Spicer Revocable Living Trust*, 336 S.W.3d 466, 471 (Mo. banc 2011) (internal quotation marks and citation omitted).  "If a notice of appeal is untimely, the appellate court is without jurisdiction and must dismiss the appeal."  *Id.*  (internal quotation marks and citation omitted.)  Here, the

---

[1]Because Dace's notice of appeal, given seventy-nine days after entry of judgment, was well beyond any possible construction of the statute that might render Dace's notice timely, we need not interpret the meaning of "twenty days after the date of such judgment."  In *Collector of Revenue of City of St. Louis v. Parcels of Land Encumbered with Delinquent Tax Liens*, 350 S.W.3d 840 (Mo. App. 2011), our Eastern District applied a strict twenty-day deadline and dismissed the appellant's case *sua sponte* for failure to meet that deadline.  The Eastern District noted that, the appellant first had an opportunity to appeal from the judgment of foreclosure and, pursuant to Rule 81.04, had forty days in that case to file notice of the same.  *Id.* at 841 n1.  Thereafter, the appellant had twenty days to file notice of appeal of the subsequent judgment approving the Sheriff's sale.  *Id.* at 841.  (The court applied Section 92.845, RSMo 2000, which regards St. Louis City, and is identical to Section 141.590 which regards first class counties.)  In contrast, *see State ex rel. Missouri Pipeline Co. v. Missouri Public Service Com'n*, 307 S.W.3d 162, 173 (Mo. App. 2009), wherein this court construed Section 386.540.2, RSMo 2000, which requires an appeal bond to be filed within ten days after entry of judgment, to mean that, in conjunction with Rule 81.05, the bond must be filed ten days after the judgment becomes final.  The rationale in *Missouri Pipeline Co.* is that Rule 81.05 was not in existence at the time Section 386.540.2 was created.  Here, while Section 141.590 was enacted prior to the adoption of Rule 81.05, it was also amended after the adoption of Rule 81.05.  We save for another day any reconciliation these cases might require.

[2]On September 1, 2015, the Director moved for dismissal a second time on the grounds that Dace failed to file a transcript and failed to file a fair and concise statement of facts.  On September 28, 2015, this court took the Director's second motion to dismiss with the case, struck Dace's brief for Rule 84.04 violations, and granted Dace leave to file an amended brief.

notice of appeal was not timely filed and Dace makes no contention that it was.[3] We have no

jurisdiction to consider Dace's claims.  Dace's appeal is dismissed and all pending motions not

rendered moot by this dismissal are hereby denied.

_____
Anthony Rex Gabbert, Judge

All concur.

---

[3]Even if Dace were to extend his claim regarding inadequate notice of the confirmation hearing to a claim that inadequate notice of the confirmation hearing prevented his timely appeal, which he does not, we note that Dace suggests in his appeal brief that he received actual notice of the court's judgment when the purchaser of the property appeared at the property on December 10, 2014, attempting to collect rent from the tenant. December 10, 2014, was still within the twenty-day statutory appeal window set forth in Section 141.590. Dace states that he made a records request of Jackson County pursuant to Missouri's Sunshine Law on December 16, 2014. Dace filed his notice of appeal approximately fifty-nine days after the records request. Dace made no request pursuant to Section 512.060, RSMo 2000, or Rule 81.07 to appeal by special order of the court. While we recognize that Dace is a pro se appellant, pro se appellants must comply with the Supreme Court rules and are held to the same standards as licensed attorneys. *J.L. v. Lancaster*, 453 S.W.3d 348, 350 (Mo. App. 2015).