Lisa Van Amburg, Presiding Judge
Relators Russell Welty and other plaintiffs seek a writ of mandamus directing the Honorable Benjamin Lewis (Respondent) to denominate a dismissal on the merits as a final appealable judgment in Case No. 14CG-CC00268. This court issued a preliminary order in mandamus directing Respondent to file an answer. We dispense with further briefing as permitted by Rule 84.24(i). The preliminary order is made permanent.
Relators Welty and other plaintiffs filed the underlying lawsuit against their neighbor, Terry Givens, seeking injunctive relief from an alleged nuisance in the form of a levee system and drainage ditch on Givens's property that causes flooding on the plaintiffs' property. Givens responded with a motion to dismiss the petition for failure to state a claim, asserting multiple substantive grounds: (1) the elements of nuisance are not satisfied, (2) the claim is barred by the statute of limitations, (3) Givens has a prescriptive easement, (4) Welty failed to mitigate his damages by constructing his own levee, (5) Welty failed to prove permanent or temporary damages, (6) Welty failed to join an indispensable party, and (7) the claim is barred by the affirmative defense of laches. After a hearing, Respondent sustained the motion sans analysis, effectively dismissing the petition with prejudice, but without denominating the ruling as a judgment or decree.
Welty appealed the dismissal to this court. Upon receipt of the notice of appeal, this court's staff counsel informed Welty that, while such a ruling is generally appealable, this court lacks jurisdiction to *625 review decisions not properly denominated as a judgment or decree as prescribed by Rule 74.01(a). Counsel's letter invited Welty to request a perfected judgment from the trial court and include it in the record on appeal, absent which his appeal would be referred to the Chief Judge for summary dismissal. Ultimately, lacking a denominated judgment by the due date for the record, Welty's appeal was dismissed for failure to comply with Rules 81.12(d) and 81.18.
Welty returned to the trial court and filed a motion for entry of judgment asking Respondent to denominate the dismissal as a judgment for purposes of appeal. Respondent denied the motion as moot, reasoning, circularly, that Welty's appeal had already been taken and dismissed by this court. Welty then filed a petition for writ of mandamus seeking to direct Respondent to denominate the dismissal a judgment in accordance with Rule 74.01(a).
A writ of mandamus may issue upon proof of a "clear, unequivocal specific right to a thing claimed." State ex rel. Hodges v. Asel , 460 S.W.3d 926, 927 (Mo. 2015). Section 512.020 provides the right of appeal of a final judgment. "A judgment is the final determination of the rights of the parties in the action." § 511.020. "A final judgment is one that decides every issue in a case and leaves nothing else for the court to decide." In re R.B. , 186 S.W.3d 255, 257 (Mo. 2006). "A dismissal with prejudice operates as an adjudication upon the merits." § 510.150.[1]
In his answer, Respondent concedes that his dismissal was a final judgment on the merits, but he suggests that Welty is not entitled to the denomination because the case has no merit. Respondent's position deprives Welty of the right to seek review of that conclusion. Welty is entitled to appellate review of the trial court's dismissal on the merits.
When a trial court fails to denominate an order as a judgment, a writ can issue compelling the court to do so. Spiece v. Garland , 197 S.W.3d 594, 596 (Mo. 2006). The preliminary order in mandamus is made permanent. Respondent is directed to denominate the dismissal as a judgment in accordance with Rule 74.01(a).[2]
Sherri B. Sullivan, J., and Colleen Dolan, J., concur.

Although Respondent's dismissal does not specify prejudice, it is clear from the record that it was a dismissal with prejudice. Givens's motion to dismiss contained numerous substantive arguments and expressly prayed for dismissal with prejudice. Respondent held a hearing on that motion and sustained it. "If a trial court fails to state a basis for its dismissal, this court presumes the dismissal was based on the grounds stated in the motion to dismiss."Lueckenotte v. Lueckenotte , 34 S.W.3d 387, 391 (Mo. 2001).

Givens's motion for attorney fees is denied.