

# IN THE MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

| | | |
|---|---|---|
| JOY GUGLIELMINO, | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | WD82855 |
| | ) | |
| JACKSON COUNTY, MISSOURI, | ) | FILED: July 28, 2020 |
| Respondent. | ) | |

**Appeal from the Circuit Court of Jackson County
The Honorable Jalilah Otto, Judge**

**Before Division Two: Mark D. Pfeiffer, P.J., and
Alok Ahuja and Gary D. Witt, JJ.**

Joy Guglielmino filed suit in the Circuit Court of Jackson County against the County and against an attorney in the County Counselor's office. Guglielmino alleged that the judgment entered in a separate case, which confirmed the sale of certain real property for delinquent taxes, was void and should be set aside. The circuit court dismissed Guglielmino's petition for failure to state a claim on which relief could be granted, noting that she had failed to timely appeal from the judgment confirming the tax sale. Guglielmino appeals. Because of significant deficiencies in Guglielmino's briefing, we dismiss the appeal.

## Factual Background

Guglielmino owned property at 222 W. 62nd Terrace in Kansas City (the "Property"). In 2017, Jackson County filed a Petition and List of Parcels of Land Encumbered with Delinquent Taxes in the Circuit Court of Jackson County. (No. K2017-03163.) The Property was on the list. In 2018, the Court Administrator for the Circuit Court of Jackson County sold the Property due to the delinquent taxes.

The sale of the property was later confirmed by the court. Guglielmino did not appeal from the judgment confirming the sale of the Property.

On September 20, 2018, Guglielmino commenced the present case in the Circuit Court of Jackson County (No. 1816-CV24301). She purportedly filed the present suit in her capacity as the Executrix of the Estate of Joyce Ann Jackson, although Guglielmino's relationship to the Estate, and the Estate's relationship to the Property, is not entirely clear from the record. Guglielmino named as defendants Jackson County and Ashley Garrett, an attorney in the County Counselor's office. Guglielmino argued that the judgment confirming the sale of the Property in the land tax case should be vacated.

The defendants moved to dismiss. The motion noted that Guglielmino had not timely appealed from the judgment confirming the sale of the Property in the land tax case. The defendants argued that, "[b]y failing to appropriately and timely appeal, but instead fil[ing] the present action challenging the Judgment of Confirmation in the same circuit court from which the Judgment came, Plaintiff is engaging in a collateral attack of the Judgment, which is impermissible under Missouri law."

On May 3, 2019, the circuit court entered its judgment dismissing the case for failure to state a claim upon which relief can be granted. The judgment specifically noted that Guglielmino had not filed a timely appeal from the judgment confirming the sale of the Property in the land tax case.

Guglielmino appeals.

## Analysis

The requirements for appellate briefing are set forth in Rule 84.04. "Compliance with Rule 84.04 briefing requirements is mandatory in order to ensure that appellate courts do not become advocates by speculating on facts and on arguments that have not been made." *Hiner v. Hiner*, 573 S.W.3d 732, 734 (Mo.

2

App. W.D. 2019) (citation and internal quotation marks omitted). "An appellant's failure to substantially comply with Rule 84.04 preserves nothing for our review and constitutes grounds for dismissal of the appeal." *Holding v. Kansas City Area Transp. Auth.*, 584 S.W.3d 358, 360 (Mo. App. W.D. 2019) (citation and internal quotation marks omitted). Although Guglielmino appears *pro se*, "she is subject to the same procedural rules as parties represented by counsel, including rules specifying the required contents of appellate briefs." *Id.* (citation and internal quotation marks omitted).

Guglielmino's brief fails to comply with Rule 84.04 in multiple significant respects. First, her statement of facts does not comply with Rule 84.04(c). "Rule 84.04(c) requires an appellant's brief contain 'a fair and concise statement of the facts relevant to the questions presented for determination without argument.'" *Porter v. Santander Consumer USA, Inc.*, 590 S.W.3d 356, 358 (Mo. App. E.D. 2019). "The primary purpose of the statement of facts is to afford an immediate, accurate, complete and unbiased understanding of the facts of the case." *Holding*, 584 S.W.3d at 360 (citation and internal quotation marks omitted). Furthermore, "all statements of facts shall have specific page references to the relevant portion of the record on appeal, i.e., legal file, transcript, or exhibits." *Id.* (citation and internal quotation marks omitted).

Guglielmino's statement of facts is not a fair and concise statement of the facts relevant to the questions presented. The statement is argumentative and contains only three citations. Upon reviewing the citations, the Court was unable to locate material supporting Guglielmino's factual assertions. Moreover, Guglielmino's factual statement does not clearly explain the procedural history of the case. Almost all of the factual statement discusses the land tax case and Guglielmino's subsequent eviction from the Property. From reading Guglielmino's statement of facts, it is not clear that the circuit court *in this case* dismissed

3

Guglielmino's petition because she had failed to state a claim upon which relief can be granted, because she was seeking to collaterally attack an un-appealed judgment entered in another case.

> It is not the role of an appellate court to serve as an advocate for a litigant, and we have no duty to search the transcript or record to discover the facts which substantiate a point on appeal. That is the duty of the parties, not the function of an appellate court.

*Midtown Home Improvements, Inc. v. Taylor*, 578 S.W.3d 793, 797 (Mo. App. E.D. 2019) (citation and internal quotation marks omitted).

> Next, Guglielmino's Points Relied On are deficient.

> Where, as here, an appellate court is asked to review the decision of a trial court, "each point shall (A) [i]dentify the trial court ruling or action that the appellant challenges; (B) [s]tate concisely the legal reasons for the appellant's claim of reversible error; and (C) [e]xplain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error." Rule 84.04(d)(1). "The point shall be in substantially the following form: 'The trial court erred in [*identify the challenged ruling or action*], because [*state the legal reasons for the claim of reversible error*], in that [*explain why the legal reasons, in the context of the case, support the claim of reversible error*].'"

*Holding*, 584 S.W.3d at 361 (citation omitted; alterations and emphasis in original).

None of Guglielmino's seven Points Relied On complies with Rule 84.04(d). First, several of Guglielmino's Points Relied On are multifarious because they contain more than one distinct claim of error. "Multifarious points preserve nothing for review." *Hoover v. Hoover*, 581 S.W.3d 638, 640 (Mo. App. W.D. 2019) (citation and internal quotation marks omitted). Next, none of the seven Points substantially comply with the form required by Rule 84.04(d)(1). The Points do not "'[s]tate concisely the legal reasons for the . . . claim of reversible error' or '[e]xplain . . . why, in the context of the case, those legal reasons support the claim or reversible error.'" *Holding*, 584 S.W.3d at 361 (quoting Rule 84.04(d)(1); alterations in original).

4

"The purpose of the points relied on is to give notice to the opposing party of the precise matters which must be contended with and to inform the court of the issues presented for review." *Hiner*, 573 S.W.3d at 735-36 (citation and internal quotation marks omitted).

> Deficient points relied on force the appellate court to search the argument portion of the brief or the record itself to determine and clarify the appellant's assertions, thereby wasting judicial resources, and, worse yet, creating the danger that the appellate court will interpret the appellant's contention differently than the appellant intended or his opponent understood.

*Holding*, 584 S.W.3d at 361 (citation omitted). Because it is unclear from Guglielmino's Points Relied On what the legal reasons are for her claims of reversible error, her Points Relied On are plainly deficient.

Finally, Guglielmino's argument section fails to comply with Rule 84.04(e). "Under Rule 84.04(e), a brief must include an argument section that discusses the points relied on." *Holding*, 584 S.W.3d at 361 (citation and internal quotation marks omitted). "First, Rule 84.04(e) requires appellants to include in their argument for each claim of error 'a concise statement describing whether the error was preserved for appellate review.'" *Marck Indus, Inc. v. Lowe*, 587 S.W.3d 737, 745 (Mo. App. S.D. 2019). Guglielmino's brief fails to explain how her claimed errors were preserved for appellate review. Further, "[t]o develop a point relied on, the argument section of an appellate brief should show how the principles of law and the facts interact." *Campbell v. Woodland Lakes Trusteeship, Inc.*, 591 S.W.3d 511, 513 (Mo. App. E.D. 2019) (citation and internal quotation marks omitted). Although Guglielmino's brief does include limited citations to caselaw and statutes, the brief does not apply the legal principles of those cases or statutes to the present case. "Mere conclusions and the failure to develop an argument with support from legal authority preserve nothing for review." *Porter*, 590 S.W.3d at 358 (citation

and internal quotation marks omitted).  Thus, Guglielmino's argument section fails to meet the requirements of Rule 84.04(e).

> As we have repeatedly stated, we prefer to resolve appeals on their merits.  Occasionally, where an appellant's argument is readily understandable, non-compliant briefs are reviewed *ex gratia*.  We do so, however, only where the argument is readily understandable.  This is not one such case.  . . . .  To determine whether [Guglielmino] is entitled to relief, we would have to comb the record for support for her factual assertions, decipher her point[s] on appeal, and locate legal authority for her argument[s].  In other words, we would have to act as [Guglielmino]'s advocate, which we cannot do.

*Holding*, 584 S.W.3d at 362 (citations and internal quotation marks omitted).

Separate from the multiple, and substantial, procedural deficiencies in Guglielmino's brief, we also note that her brief is substantively deficient, because none of her Points Relied On or arguments actually challenge the basis on which the circuit court dismissed the present action:  that Guglielmino should have directly appealed the judgment entered in the land tax case, and that she was not entitled to collaterally attack that judgment in this separate proceeding.[1]  By failing to actually challenge the basis on which the circuit court dismissed the current suit, Guglielmino has wholly failed to demonstrate any basis for reversal, even if her brief were otherwise compliant with Rule 84.04.

> While it may not be stated explicitly in Rule 84.04, the fundamental requirement for an appellate argument is that it demonstrate the erroneousness of the basis upon which a lower court or agency issued an adverse ruling.  Unless an appellant challenges the grounds on which an adverse ruling depends, he has shown no entitlement to appellate relief.

---

[1] While the circuit court's judgment may not explicitly state that the present case constituted an improper collateral attack on the judgment in the land tax case, we presume that the court relied on the basis for dismissal argued in the defendants' motion to dismiss.  *See, e.g., State ex rel. Welty v. Lewis*, 551 S.W.3d 623, 625 n.1 (Mo. App. E.D. 2018) ("If a trial court fails to state a basis for its dismissal, this court presumes the dismissal was based on the grounds stated in the motion to dismiss." (quoting *Lueckenotte v. Lueckenotte*, 34 S.W.3d 387, 391 (Mo. 2001))).

6

*Rainey v. SSPS, Inc.*, 259 S.W.3d 603, 606 (Mo. App. W.D. 2008) (citations omitted).[2]

## Conclusion

The appeal is dismissed.

_____
Alok Ahuja, Judge

All concur.

---

[2]     We note, *ex gratia*, that the circuit court's dismissal appears to be fully consistent with well-established law.  Guglielmino could have appealed the judgment confirming the sale of the Property, but did not.  *See Matter of Foreclosure of Liens for Delinquent Land Taxes v. Parcels of Land Encumbered with Delinquent Tax Liens*, 484 S.W.3d 806, 807 (Mo. App. W.D. 2016) ("Section 141.590[, RSMo] provides that an appeal from the judgment confirming or disapproving the sheriff's sale and the distribution made thereafter 'must be taken within twenty days after the date of such judgment.'").  Instead, she filed this separate lawsuit to challenge the judgment confirming the sale.  We generally do not permit a party to collaterally attack an earlier judgment in a subsequent proceeding.  *See Interest of A.R.B.*, 586 S.W.3d 846, 860 (Mo. App. W.D. 2019).