IN THE MISSOURI COURT OF APPEALS
 WESTERN DISTRICT

 DEAN MACHINERY COMPANY, )
 )
 Appellant, )
 WD84108
 v. )
 )
 OPINION FILED:
 )
 June 29, 2021
 ANTHONY JOSEPH RIGOLI, )
 )
 Respondent. )

 Appeal from the Circuit Court of Cass County, Missouri
 The Honorable Stacey J. Lett, Judge

 Before Division Two: Mark D. Pfeiffer, Presiding Judge, and
 Alok Ahuja and Karen King Mitchell, Judges

 Dean Machinery Company appeals the denial of its motion for revival of a 2005 judgment

against Anthony Rigoli. Dean raises one point on appeal, arguing that the circuit court erred in

both denying the motion and dismissing the action because the motion was timely filed and Rigoli

failed to show good cause why the judgment should not be revived. Because the court erred in

denying Dean’s motion on the basis of a good-cause showing by Rigoli, we reverse and remand

for further proceedings consistent with this opinion.
 Background

 On September 10, 2004, Dean filed a petition on account seeking $18,832.45 from Rigoli

for goods and services rendered to him. On January 3, 2005, the circuit court held a hearing on

Dean’s petition and awarded Dean the amount claimed plus interest and costs. With the exception

of entry of a transcript of judgment, the docket sheet reflects no activity in the case for the next

nine years.

 On December 5, 2014, Dean filed a Rule 74.091 motion for revival of judgment, indicating

that the judgment had not been satisfied; Dean also filed a proposed order for immediate execution

of personal property but did not file a proposed order to revive the judgment itself. On

December 11, 2014, the circuit court issued a show-cause order, directing Rigoli to appear on

January 20, 2015, to show cause why Dean’s motion for revival should not be granted; the court

also issued an order for immediate execution of personal property. Rigoli was served with the

show-cause order on or about January 12, 2015.

 On January 20, 2015, the circuit court held a hearing on Dean’s motion for revival. That

day, counsel for Rigoli entered his appearance and filed two motions—one to quash the execution

against Rigoli’s personal property and one to stay the order for immediate execution on his

personal property. There is nothing in the record indicating that Rigoli showed good cause why

the judgment should not be revived. The docket entry for the January 20, 2015 hearing states, in

part, “Heard in open court and ruled upon. Parties to provide new order[s] for court to sign.”

Rigoli’s counsel emailed the proposed order to quash and to stay immediate execution, and the

court executed those orders on January 21 and 23, 2015, respectively. Dean’s counsel did not

submit a proposed order granting its motion for revival.

 1
 All rule references are to the Missouri Supreme Court Rules (2014).

 2
 In 2017 and 2018, Dean filed multiple requests for execution/garnishment, attempting to

collect on the 2005 judgment, and some payments were made to the court. During that same time,

Rigoli filed three motions to quash in response to requests for execution/garnishment, all of which

were granted. Then, on February 28, 2020, the court made the following docket entry: “Do not

issue any garnishment or take action on [Dean’s] request at this point, per Judge.” On the same

day, Dean filed a proposed order granting its 2014 motion for revival of judgment as well as

another execution application.

 The court held a hearing on June 1, 2020, and directed the parties to file briefs in support

of their positions relating to Dean’s “late submission of the proposed order of revival and pending

request for garnishment.” Thereafter, Dean filed a motion to enter the proposed order of revival

and to grant the execution application and order. In response, Rigoli filed suggestions in

opposition to Dean’s motion to enter the proposed order reviving the judgment, arguing that the

court should exercise its discretion to dismiss the motion to revive for failure to prosecute and that,

because Dean had been purchased by another company, before proceeding on the motion to revive,

the court should require the plaintiff to demonstrate standing. Dean then filed suggestions in reply.

 On September 1, 2020, the circuit court held a hearing on Dean’s motions to enter the

proposed order to revive the judgment and to order the execution application. On September 10,

2020, the court issued an order finding, in relevant part:

 [Dean’s] counsel failed to diligently prosecute or proceed on [Dean’s] Motion to
 Revive Judgment as it did not submit the proposed order for revival as ordered by
 this [c]ourt for over five years. Now, this [c]ourt is asked to ignore [Dean’s] failure
 and revive [the] judgment, most certainly causing prejudice and an unjust result to
 [Rigoli]. [Rigoli] filed multiple motions through 2017 and 2018, creating attention
 to the case and the opportunity for [Dean] to respond and review the entire court’s
 file and record. However, at no time did [Dean’s] counsel tender the [c]ourt a
 proposed order for revival or ask for the court to take the matter up. Specifically,
 the [c]ourt finds that [Dean’s] inaction for over five years has rendered the Motion
 for Revival of Judgment moot and proposed order totally untimely for this court’s

 3
 execution. [Rigoli’s] legal representation additionally appeared in June and
 September 2020 showing cause why the judgment should not be revived.

The court concluded that it lacked authority to dismiss Dean’s pending motion for revival and,

instead, denied the motion, finding that the delay in filing the proposed order provided Rigoli with

good cause. The court also denied Dean’s motion to execute. Dean appeals the denial of its motion

to revive the judgment.

 Standard of Review

 “The only issue on appeal is whether the circuit court properly applied the law governing

motions to revive judgments.[2] This purely legal issue is reviewed de novo.” Unifund CCR

Partners Assignee of Citibank (South Dakota) N.A. v. Abright, 566 S.W.3d 594, 595 (Mo. banc

2019).3

 Analysis

 Dean raises one point on appeal, arguing that the circuit court erred in denying its motion

for revival because the revival motion was timely filed and Rigoli failed to show good cause why

the judgment should not be revived. Dean’s argument is based on Rule 74.09, which states, in

pertinent part,

 (a) When and by Whom. A judgment may be revived by order of the court that
 entered it pursuant to a motion for revival filed by a judgment creditor within ten
 years after entry of the judgment or the last prior revival of the judgment.

 2
 “A motion to revive a judgment is a special proceeding ‘to aid in the recovery of the debt evidenced by the
original judgment,’ which makes the circuit court’s order thereon a ‘special order after final judgment in the cause’
and, therefore, ‘appealable under the provisions of [section] 512.020[(5)].’” Abbott v. Abbott, 415 S.W.3d 770, 771
n.1 (Mo. App. W.D. 2013) (quoting Hanks v. Rees, 943 S.W.2d 1, 3 (Mo. App. S.D. 1997)).
 3
 Rigoli frames the issue on appeal differently. He argues that, under Rule 67.03 and the circuit court’s
inherent authority, the court was authorized to dismiss Dean’s action for failure to prosecute, and we should review
the court’s exercise of that authority for abuse of discretion. See State ex rel. Webster v. Lehndorff Geneva, Inc., 744
S.W.2d 801, 804 (Mo. banc 1988) (“The general rule is that a dismissal for want of prosecution is within the sound
discretion of the trial court.”); Townsend v. Union Pac. R. Co., 968 S.W.2d 767, 769 (Mo. App. E.D. 1998) (finding
that dismissal under Rule 67.03 for failure to prosecute is within the court’s discretion). But it is clear from the order
and judgment that the court did not grant Rigoli’s motion to dismiss for failure to prosecute or any other reason stated
in his motion; instead, the court denied Dean’s motion to revive the judgment. Thus, the applicable standard of review
is de novo because denial of Dean’s revival motion presents a purely legal issue.

 4
 (b) Order to Show Cause. Upon the filing of a motion of revival of a judgment,
 an order shall issue to the judgment debtor to show cause on a day certain why such
 judgment should not be revived. . . .
 (c) Judgment of Revival. If the judgment debtor . . . fail[s] to appear and show
 cause why the judgment should not be revived, the court shall enter an order
 reviving the judgment.

 Dean correctly notes that Rule 74.09 requires a court to order a judgment revived upon the

timely filed motion of the judgment creditor, unless the debtor shows good cause why the judgment

should not be revived. See Abbott v. Abbott, 415 S.W.3d 770, 772 (Mo. App. W.D. 2013) (“The

plain language of . . . [R]ule [74.09] requires that, within ten years, a party seeking revival need

only file a motion to revive the judgment and nothing more.”). The parties agree that Dean timely

filed its motion for revival on December 5, 2014, which was within ten years of entry of the original

judgment on January 3, 2005. Consistent with Rule 74.09(b), the circuit court then entered an

order directing Rigoli to show cause why the judgment should not be revived, and Rigoli was

personally served with the show-cause order. Rigoli appeared at the hearing on Dean’s motion in

January 2015, but there is nothing in the record indicating that Rigoli showed good cause why the

judgment should not be revived. Thus, the court was required by Rule 74.09 to grant the motion,

which the court did orally, pending submission of a proposed order by Dean, and Rigoli does not

argue otherwise.4 But the parties’ agreement on these issues does not resolve the issue before us.

 On appeal, Dean argues that, because its motion for revival was timely filed, Dean did all

it was required to do under Rule 74.09. And, when Rigoli failed to show good cause why the

judgment should not be revived, the court was required to revive the judgment in 2015. In other

words, Dean argues that the court could not place upon it the additional duty to file a proposed

order. We disagree.

 4
 The court’s decision to grant Dean’s revival motion was never put in writing. An order or judgment of the
court must be in writing. Rules 74.01(a) and 74.02.

 5
 Here, the court directed Dean to submit a proposed order reviving the judgment, which the

court, in its discretion, was entitled to do. “[A] trial court has broad discretion to control its docket

and enforce compliance with its orders.” Sw. Parts Supply, Inc. v. Winterer, 360 S.W.3d 349, 354

(Mo. App. E.D. 2012); John L. Thurston and Assocs. v. Fed. Deposit Ins. Corp., 869 S.W.2d 105,

108 (Mo. App. W.D. 1993) (“The trial court is vested with a broad discretion in controlling the

docket and the progress of the litigation.”). The circuit court clearly had the authority to direct

Dean to submit a proposed order, and such action was not an abuse of discretion. Id. But Dean

did not submit the proposed order for more than five years, so Dean’s motion to revive the

judgment remained an open matter before the court during that time.

 Docket entries throughout 2017 and 2018 show that the parties were actively litigating

related garnishment issues. Dean filed multiple requests for execution/garnishment, some of

which resulted in payments to the court, and Rigoli filed three motions to quash garnishments, all

of which were granted. Then, on February 28, 2020, the court ceased all action on Dean’s

garnishments, presumably because no written order reviving the 2005 judgment had been entered.

It appears that the court’s decision to cease all action prompted Dean to file a proposed order

reviving the judgment with the court that same day.

 After the proposed order was filed and a hearing was held, the court denied Dean’s motion

to enter its proposed order reviving the judgment. The court also denied Rigoli’s request for the

court to exercise its discretion to dismiss Dean’s motion for failure to prosecute; instead, the court

found that Dean’s five-year delay in filing the proposed order provided good cause why the

judgment should not be revived and that granting Dean’s revival motion would cause prejudice

and an unjust result to Rigoli. But the court did not explain why Dean’s delay constituted good

cause or how Rigoli would be prejudiced by entry of a revival order in 2020. The question then is

 6
whether delay in filing the proposed order was an adequate basis for a finding of good cause.

Neither party provides legal authority to resolve this issue. Rigoli does not cite any authority for

the proposition that delay in and of itself constitutes good cause why a judgment should not be

revived, and Dean focuses on its timely filing of a motion to revive under Rule 74.09 and Rigoli’s

failure to show cause in 2015.5

 We find Capitol Financial Group, LLC v. Bray, 603 S.W.3d 700 (Mo. App. E.D. 2020)

instructive. There, the judgment creditor sought to have a judgment revived. Id. at 701. The

judgment debtor argued that the judgment creditor “had not met its burden to prove the judgment

was unsatisfied because it failed to produce competent evidence thereof, in that the motion for

revival was unverified and not supported by affidavit or sworn testimony.” Id. at 703. The court

rejected the debtor’s argument because it “was not a permissible objection” to the motion for

revival. Id. The debtor “failed to show cause why the judgment should not be revived because he

failed to assert one of the limited defenses available to judgment debtors.” Id. “The only available

defenses to revival of a judgment are those concerning ‘[1] whether the judgment creditor initiated

the proceeding within the prescribed time of ten years; [2] whether service, either personal or by

publication, was obtained on the judgment debtor; [3] whether the judgment existed; and [4]

whether the judgment was satisfied.’” Id. (quoting Elliott v. Cockrell, 943 S.W.2d 328, 330 (Mo.

App. E.D. 1997) (reversing and remanding an order reviving judgment in a reduced amount

because “there were no issues regarding the existence of the judgment, service of process, or

initiation of the proceeding within the ten-year period,” and judgment debtor’s argument that the

judgment was partially paid was not an available defense to revival)). Good cause based solely on

 5
 While Dean’s briefing focuses on whether, under Rule 74.09, the motion court can place any burden (in this
case the burden to file a proposed order) on the judgment creditor other than the timely filing of the motion to revive,
the Point Relied On and argument are broad enough to raise the issue of whether Dean’s delay in filing a proposed
order is an adequate basis for a finding of good cause to deny a timely filed motion to revive a judgment.

 7
delay is not among the “limited defenses” that would constitute good cause under Capitol

Financial, and we decline to expand the list of defenses to include delay based on the sparse record

in this case. Other issues may be raised in a proceeding at the time of execution. Elliott, 943

S.W.2d at 330 (in addressing a motion to revive, the court lacked authority to determine the amount

owed; the court could only revive the judgment in its original amount, and issues related to

computation of the amount remaining to be paid are left for the proceedings at the time of

execution).

 Likewise, prejudice to the debtor is not one of the limited defenses recognized by Missouri

courts. While we found no Missouri case addressing whether prejudice to the debtor is a factor

that can be considered, the United States District Court for the Eastern District of Missouri held

that estoppel and laches do not fall within the categories of defenses available to a judgment debtor

in opposing a motion to revive a judgment under Missouri law. See National Sur. Corp. v.

Mehlville School Dist., Nos. 4:03CV73 CDP, 4:03CV93 CDP, 2015 WL 5022731 *2 (E.D. Mo.,

Aug. 24, 2015) (rejecting judgment debtors’ estoppel and laches defenses to revival of judgment

because they “do not fall within the permissible categories of defenses and so have no effect under

Missouri law”). And, even if prejudice were a relevant factor in this context—a finding we do not

make—a finding of prejudice is unlikely here where Dean was actively attempting to collect on its

2005 judgment in 2017 and 2018 and Rigoli was aware of Dean’s collection efforts.

 Because Dean timely filed its motion to revive its 2005 judgment and Rigoli failed to raise

one of the available defenses to revival either in 2015 or 2020, the court erred in failing to revive

the judgment. Rule 74.09(c) states that, if the judgment debtor fails to show cause why the

judgment should not be revived, “the court shall enter an order reviving the judgment.” “Under

Missouri law, the use of the word ‘shall’ is ‘indicative of a mandate to act’ and removes any

 8
discretion.” Capitol Fin., 603 S.W.3d at 704 (quoting Hanks v. Rees, 943 S.W.2d 1, 4 (Mo. App.

S.D. 1997) (holding that the trial court was required to revive an underlying judgment as to both

defendants five years after reviving the judgment as to one of the two defendants where a timely

motion for revival had been filed as to both defendants and good cause to deny revival was not

shown)). Thus, based on Rule 74.09 and the record before us, the court erred in denying Dean’s

motion to revive.6

 Point I is granted.

 Conclusion

 Because the court erred in denying Dean’s revival motion on the basis of a good-cause

showing by Rigoli, its judgment is reversed and the case is remanded for further proceedings

consistent with this opinion.

 Karen King Mitchell, Judge

Mark D. Pfeiffer, Presiding Judge, and Alok Ahuja, Judge, concur.

 6
 The court has broad discretion to control its docket, Sw. Parts Supply, Inc. v. Winterer, 360 S.W.3d 349,
354 (Mo. App. E.D. 2012), and to dismiss for failure to prosecute, Townsend, 968 S.W.2d at 769. But, as noted supra,
it is clear from the court’s order and judgment that the court did not dismiss Dean’s motion for failure to prosecute
but, instead, because the court concluded that the five-year delay constituted good cause.

 9