

# Missouri Court of Appeals
## Southern District

### In Division

JOE DAVID HUDSON, )
)
    Plaintiff-Respondent, )
)
v. ) SD37986
)
JOPLIN REGIONAL STOCKYARDS, ) **Filed: June 11, 2024**
INC., )
)
    Defendant-Appellant. )

APPEAL FROM THE CIRCUIT COURT OF JASPER COUNTY

Honorable Gayle L. Crane

**APPEAL DISMISSED AND DAMAGES AWARDED**

This appeal, brought by Joplin Regional Stockyards, Inc. ("Employer"), challenges the circuit court's revival of a judgment ("the Judgment") that was rendered in accordance with a settlement agreement (the "Settlement Agreement") entered into between Employer and Joe David Hudson ("Employee"). The Settlement Agreement was then approved by the Department of Labor and Industrial Relations, Division of

1

Workers' Compensation (the "Division") under section 287.500.[1]

We must dismiss the appeal because Employer lacks standing to challenge the revival as Employer was not aggrieved by the timely revival of the Judgment that Employer *agreed* the circuit court should enter. Further, as authorized by Rule 84.19, we award Employee damages for defending this frivolous appeal, although to a lesser amount than Employee requested in his well-reasoned Motion for Damages for Frivolous Appeal.[2]

## Background

In 2002, Employee's ankle was crushed while he was loading a bull onto a trailer in the course of his work for Employer. On October 3, 2005, the parties signed the Division-approved Settlement Agreement. That settlement consisted of two main components. The first was an $80,000 "compromise lump sum settlement under [s]ection 287.390 RSMo as amended" to resolve the disputes between the parties for past medical expenses necessary "to cure and relieve from the effects of the injury." *See* section 287.140.1. Employer paid that lump-sum to Employee sometime before

---

[1] In pertinent part, that statute provides:

> Any party in interest may file in the circuit court of the county in which the accident occurred, a certified copy of a memorandum of agreement approved by the division or by the commission or of an order or decision of the division or the commission, or of an award of the division or of the commission from which an application for review or from which an appeal has not been taken, whereupon said court shall render judgment in accordance therewith and notify the parties. Such judgment shall have the same effect and all proceedings in relation thereto *shall thereafter be the same as though said judgment were a final judgment which had been rendered in a suit duly heard and determined by said court*" (emphasis added).

Unless otherwise indicated, all statutory references are to RSMo 2016.
[2] Unless otherwise indicated, all rule references are to Missouri Court Rules (2023).

the Settlement Agreement was eventually registered as a judgment.[3] The second component was a provision -- the meaning of which is disputed by the parties -- that states: "[t]he parties agree that future medical for left ankle problems directly related to this injury remains open and that Employer/Insurer will provide same subject to their authorization and control."

Employee's ankle condition worsened, and, in 2011, his orthopedic surgeon amputated his left leg below the knee. After Employer and its insurer ("Insurer") refused to cover the cost of the amputation surgery, Employee registered the Judgment on January 17, 2013 and filed a garnishment action. Subsequently, Employer paid for the amputation surgery, but disputes about future medical care for Employee's work-related injury continued between the parties. In 2015, Employer, Insurer, and Employee set up a "life care plan" that outlined what future medical treatment would be covered by Employer and Insurer under the Judgment.

In 2022, the Judgment, not yet having been fully satisfied due to the "open" future medical care provision, Employee sought to revive the Judgment before the ten-year period for reviving judgments expired. *See* section 511.370 and Rule 74.09. Employer opposed the revival, asserting that the Judgment had been fully satisfied when Employer

---

[3] Section 287.500 permits "[a]ny party in interest" to a workers' compensation award to file the award in circuit court in order to compel enforcement of the award. Section 287.500. Because the Commission lacks the authority to enforce a workers' compensation award, an action must be filed under section 287.500 in order to compel compliance. *Carr v. North Kansas City Beverage Co.,* 49 S.W.3d 205, 207 (Mo.App.2001). Under section 287.500, the workers' compensation award takes on the force and effect of a final judgment rendered in the circuit court. *Baxi v. United Technologies Automotive* [*Corp.*]*,* 122 S.W.3d 92, 96 (Mo.App.2003). When acting under the authority of section 287.500, the circuit court has no discretion in entering the judgment; rather, a section 287.500 action does not involve the merits of the award, and there are no further factual issues to be determined by the circuit court. *Id.* at 97.

*Cochran v. Travelers Ins. Co.*, 284 S.W.3d 666, 669-70 (Mo. App. S.D. 2009).

paid the $80,000 lump-sum payment for past medical expenses as required under the first component of the Settlement Agreement. The circuit court rejected Employer's argument and revived the Judgment. This appeal timely followed.

**Analysis**

"In every case[,] before considering claims raised on appeal, this Court has a duty to *sua sponte* determine whether we have authority to decide the appeal." *Fisher v. Fusco*, 640 S.W.3d 131, 134 (Mo. App. S.D. 2022) (quoting *Collector of Revenue of St. Louis v. Parcels of Land Encumbered with Delinq. Tax Liens*, 350 S.W.3d 840, 841 (Mo. App. E.D. 2011)). "The right to appeal is purely statutory and, where a statute does not give a right to appeal, no right exists." *Id.* (quoting *Buemi v. Kerckhoff*, 359 S.W.3d 16, 20 (Mo. banc 2011)). "If the appellate court lacks authority to hear an appeal, the appeal must be dismissed." *Id.* (quoting *Lopez v. Heartland Midwest, LLC*, 602 S.W.3d 841, 844 (Mo. App. W.D. 2020)).

"As applicable here, '[a]ny party to a suit aggrieved by any judgment of any trial court in any civil cause … may … appeal … from any … [f]inal judgment in the case ….'" *Id.* (quoting section 512.020(5)). "Thus, '[t]o have a right to appeal under [section] 512.020, the appealing party must be both a party to the action and "aggrieved" by the particular judgment or order which it seeks to challenge on appeal.'" *Id.* (quoting *Knight by and Through Knight v. Knight*, 609 S.W.3d 813, 818-19 (Mo. App. W.D. 2020)). "For a party to be 'aggrieved,' the judgment must operate prejudicially and directly on the party's personal or property rights or interests, and such effect must be immediate, not merely a possible remote consequence." *Id.* at 135 (quoting *Bi-State Dev. Agency of Mo.-Ill. Metro. Dist. v. Ames Realty Co.*, 258 S.W.3d 99, 104-05 (Mo. App. E.D. 2008))

(internal citation omitted). Lastly, "[a] party cannot be said to be 'aggrieved,' unless error has been committed against [it]." *Id.* (quoting *Howe v. Heartland Midwest, LLC*, 604 S.W.3d 744, 779 (Mo. App. W.D. 2020)).

When a judgment creditor seeks to revive his judgment under Rule 74.09 and section 516.350, the defenses available to the judgment debtor are limited. *Cap. Fin. Grp., LLC v. Bray*, 603 S.W.3d 700, 703 (Mo. App. E.D. 2020).

> The only available defenses to revival of a judgment are those concerning [1] "whether the judgment creditor initiated the proceeding within the prescribed time of ten years; [2] whether service, either personal or by publication, was obtained on the judgment debtor; [3] whether the judgment existed; and [4] whether the judgment was satisfied."

*Id.* (quoting *Elliott v. Cockrell*, 943 S.W.2d 328, 330 (Mo. App. E.D. 1997)). Employer relies solely upon the fourth ground -- that the Judgment was satisfied -- and our case law has consistently rejected the contention that a judgment creditor has a burden to prove that the judgment has not been satisfied. *Id.* at 703-04 (citing *Abbott v. Abbott*, 415 S.W.3d 770, 772-74 (Mo. App. W.D. 2013)).

The obligations and entitlements contained in the Judgment were no different the day after it was revived from the day before it was revived, leaving no immediate, prejudicial effect on Employer's post-revival personal or property rights or interests. Accordingly, because Employer was not aggrieved by the revival of the Judgment, we dismiss the appeal, and we order Employer to pay $10,000 to Employee as damages for filing a frivolous appeal.

DON E. BURRELL, J. – OPINION AUTHOR

MARY W. SHEFFIELD, J. – CONCURS

JENNIFER R. GROWCOCK, J. – CONCURS

5